**Ella S. PORTER, Plaintiff-Appellant,**

**v.**

**Richard S. SCHWEIKER, Secretary of Health and Human Resources, et al., Defendants-Appellees.**

No. 80–7188.

United States Court of Appeals, Fifth Circuit. Unit B

June 18, 1981.

Carl E. Chamblee, Birmingham, Ala., for plaintiff-appellant.

---

Henry I. Frohsin and Elizabeth Todd Campbell, Asst. U.S. Attys., Birmingham, Ala., for defendants-appellees.

Before JONES, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

The Social Security Administration suspended an employee, Ella S. Porter, for 30 days because she authored and distributed to her fellow workers a letter critical of her supervisors. Porter administratively challenged the suspension, alleging that the agency was punishing her exercise of free speech. Her administrative challenge failed, and Porter sought review of the agency action in the district court.

In her complaint, Porter renewed her allegation that the agency's action abridged her free speech rights. She also alleged that the administrative review of her suspension, which did not provide for an evidentiary hearing, fell short of minimum due process standards. In addition, Porter stated a Bivens-[1] type claim against individual government officials who allegedly deprived her of her constitutional rights to free speech and due process. Porter asked for (1) back pay and an expungement of her records, (2) injunctive protection against lingering effects of the suspension, and (3) money damages against the individual defendants.

The district court entered summary judgment for the defendants. The court, in a memorandum opinion, held that the agency action was supported by substantial evidence and did not infringe upon Porter's right of free speech, and that the agency was not required to accord a suspended employee an evidentiary hearing. The court's opinion did not discuss Porter's Bivens claims against the government officials.

Porter appealed the summary disposition. A panel of this court reversed, *Porter v. Califano*, 592 F.2d 770 (5th Cir. 1979), holding that the Social Security Administration erred in denying Porter an evidentiary hearing. The panel further held that 5 U.S.C. § 706(2)(F) (1976), as interpreted in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), required the district court to conduct a de novo hearing because "the [agency's] action [was] adjudicatory in nature and the agency fact-finding procedures [were] inadequate." *Porter v. Califano*, 592 F.2d at 782 (quoting *Overton Park*, 401 U.S. at 415, 91 S.Ct. at 823). The panel also concluded that Porter's constitutional challenge to the agency action was colorable, involved contested issues of material fact, and should not have been disposed of on summary judgment. Porter did not brief the *Bivens* issue and the panel did not address it.

Following remand, the Administration and Porter entered settlement discussions. While discussions were underway, the Administration tendered Porter her back pay and expunged from her records any reference to the suspension. The government then moved for summary judgment, or in the alternative, dismissal, contending that Porter had received everything to which she was entitled and that the case was thus moot. The district court agreed and granted the motion.

■ Porter contends, here, that the case should not have been dismissed. First, she argues that the government's tender of back pay and expungement of her records did not ensure her against retaliation by her superiors; therefore, the court needed to decide issues of fact before determining that an injunction was unnecessary. Second, Porter contends that after her successful appeal, the Social Security Administration improperly denied her one and possibly two job promotions and that an award

---

[1]. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

of these lost promotional opportunities is part of the relief to which she was entitled. Our previous consideration of this case supports Porter's assertion that these issues are legitimate ones. In our earlier decision, we noted that the district court, on remand, might be required to remedy not only the suspension, but also "penalties and privations resulting therefrom," *Porter v. Califano*, 592 F.2d at 785, "such as an inability to gain promotions as easily as she might as well as the general stigma that attaches to a disciplined employee." *Id.* at n.29. Thus, Porter's point that the Social Security Administration's tender did not provide her with all the relief the district court might have ordered against the agency is well taken.[2] And since we agree with Porter that the affidavits the Administration submitted did not preclude a contest of material facts related to these issues, we must remand to allow Porter the opportunity to prove her entitlement, if any, to further relief.

■ Porter also contends that the government's attempt to make her whole did not deal with her *Bivens* claims for money damages against the individual defendants for deprivation of her constitutional rights. The defendants concede this, but argue that Porter abandoned these claims by not pursuing them until after she concluded her first appeal. *See, e. g., Tedder v. F. M. C. Corp.*, 590 F.2d 115 (5th Cir. 1979); *Martin v. Atlantic Coast Line R. R. Co.*, 289 F.2d 414 (5th Cir. 1961). The doctrine of abandonment, however, is neither jurisdictional nor inflexible and the court has power to address "abandoned claims" if, in its discretion, it determines it is appropriate to do so. *See, generally, Martin*, 289 F.2d at 417. Whether Porter abandoned her *Bivens* claim is an issue that should be presented to the district court, on remand.

The judgment of the district court is, therefore, REVERSED and REMANDED for further proceedings.

2. Appellees argue that Porter cannot litigate the lost promotional opportunities issue here because she had administrative remedies available to her that she failed to exhaust. The exhaustion doctrine has numerous exceptions,

however, and it is the district court's responsibility, on remand, to determine whether the doctrine forecloses Porter on this issue in this case.