**Nils LINFORS, Jr., Plaintiff-Appellant,**

v.

**The UNITED STATES of America and John B. Hayes, United States Coast Guard, Defendants-Appellees.**

**No. 81–5146.**

United States Court of Appeals, Eleventh Circuit.

April 12, 1982.

Nils Linfors, Jr., pro se.

Virginia I. Bell, Washington, D. C., for defendants-appellees.

Before VANCE, HATCHETT and AN-DERSON, Circuit Judges.

PER CURIAM:

Commander Nils Linfors, Jr., entered the Coast Guard Academy on July 5, 1957, and was discharged as a cadet on June 6, 1961. Upon graduation from the Academy on June 7, 1961, he was commissioned as an Ensign in the United States Coast Guard and has been successively promoted to his present rank. On July 2, 1979, Commander Linfors submitted his request for voluntary retirement[*] to the Commandant of the United States Coast Guard, his request alleging time spent in cadet service at the Coast Guard Academy was creditable in computing length of service for retirement. The Commandant agreed that duty as a cadet was active service, but denied the request based on a Coast Guard policy of not including time as a cadet for retirement purposes. Linfors then brought suit in the United States Court of Claims.

The Court of Claims, 650 F.2d 288, granted the defendants' cross-motion for summary judgment for want of jurisdiction, but allowed Linfors to transfer the case to an appropriate district court. In the United States District Court for the Southern District of Florida, the defendants moved to dismiss the action due to Linfors's failure to exhaust administrative remedies. The district court denied this motion but granted the defendants' motion for summary judgment on the merits, holding that although time spent at the Coast Guard Academy is active service, it may not be credited in computing length of service and eligibility for retirement. Because Linfors has failed to exhaust available military administrative remedies, it is our opinion that the district court should have dismissed the complaint. Therefore, we remand to the district court to dismiss the complaint.

The exhaustion doctrine requires a litigant seeking to overturn an adverse admin-

---

[*] Title 14 U.S.C. § 291 provides:

Any regular commissioned officer who has completed twenty years active service in the Coast Guard, Navy, Army, Air Force, or Marine Corps, or the Reserve components, thereof, including active duty for training at least ten years of which shall have been active commissioned service, may, upon his own application, in the discretion of the President, be retired from active service, with retired pay of the grade which retired.

istrative ruling to first exhaust all available administrative remedies before invoking the jurisdiction of the federal courts. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The doctrine's aim is to forestall the courts from rendering a decision until the administrative process is concluded. *Von Hoffberg v. Alexander*, 615 F.2d 633, 637 (5th Cir. 1980). "[A] court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, *and* (b) exhaustion of available intraservice corrective measures." *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971) (emphasis added).

■ The strict application of the exhaustion doctrine is not without its exceptions. For example, exhaustion is not required where no genuine opportunity for adequate relief exists, *Hodges v. Callaway*, 499 F.2d 417, 420–21 (5th Cir. 1974), irreparable injury will result if the complaining party is compelled to pursue administrative remedies, *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978), or an administrative appeal would be futile, *Von Hoffberg v. Alexander*, 615 F.2d 633, 638. None of these exceptions pertain to the case before us.

■ Linfors's administrative remedy is governed by 10 U.S.C. § 1552, which establishes a Board for Correction of Military Records (BCMR) for each branch of the service. The BCMR's function is to

consider all applications properly before it together with all pertinent military records to determine whether an error has been made in the Coast Guard record, or whether . . . the subject of the application has suffered a wrong as the result of an error of omission or commission in his records . . . .

33 C.F.R. § 52.05–5 (1980). The decision of the BCMR is then reviewed by the Secretary of Transportation. 33 C.F.R. § 52.35–15 (1980). Contrary to Linfors's argument that application to the BCMR would be futile, he could have applied.to the Coast Guard's BCMR to correct his record to reflect his active service creditable for retirement purposes commenced upon the date of his entry into the Coast Guard Academy rather than upon his commissioning as an Ensign. His failure to exhaust this administrative procedure renders his complaint in the district court premature, and it was error for that court to address the merits without first requiring Linfors to surmount "the exhaustion hurdle." *Hodges v. Callaway*, 499 F.2d at 424.

The district court's order in favor of the government is therefore vacated and the case remanded with directions that Linfors's complaint be dismissed.

VACATED AND REMANDED.