**Ella PORTER, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, in his official capacity as Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–7017
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 29, 1982.

Judson H. Miner, Chicago, Ill., for plaintiff-appellant.

Henry I. Frohsin, Elizabeth Todd Campbell, Asst. U.S. Attys., Birmingham, Ala., for defendant-appellee.

Appeal from the United States District Court for the Northern District of Alabama.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

The issue presented in this case is whether any of the exceptions enunciated in *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir.1981), *rev'd and remanded on other grounds*, —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), apply to plaintiff's alleged failure to exhaust administrative remedies. Because we find the subject matter of appellant's claim for relief does not fall within the jurisdiction of the administrative process appellee asserts is unexhausted, we hold that process inadequate as applied to appellant's case, and that any attempt by appellant at exhaustion would be futile. Hence, we reverse.

This case appears before the United States Court of Appeals for the third time, appellant having prevailed before the former Fifth Circuit on two other occasions. *See Porter v. Califano*, 592 F.2d 770 (5th Cir.1979) (Porter I); *Porter v. Schweiker*, 648 F.2d 310 (5th Cir.1981) (Porter II). The facts of the case are set out in full in *Porter I* and *Porter II*. We present only a brief summary of the prior history, as well as those facts necessary to the decision of this appeal.

Ella Porter, a clerk-typist with the federal Social Security Administration in Birmingham, Alabama, was suspended from her position primarily for writing and distributing a letter critical of her superiors. Porter appealed her suspension through administrative channels and lost, then brought

an action in federal district court alleging violation of her first and fifth amendment rights. The district court, 428 F.Supp. 711, granted summary judgment in favor of the agency, and Porter appealed to the Fifth Circuit which reversed, finding that disputed issues of material fact entitled her to a full evidentiary hearing in the district court.

On remand the parties entered into settlement negotiations, as a result of which the government awarded Porter back pay for the period of her suspension and expunged her personnel records of all reference to the suspension. The district court then granted the government's motion for summary judgment on the ground appellant's claim was moot. Porter once more appealed to the Fifth Circuit and again the panel reversed, agreeing with Porter's contention that the settlement agreement was not complete relief in that it contained no guarantee against future retaliatory action and no compensation for promotional opportunities lost due to the stigma of being a disciplined employee. The panel remanded to the district court to "allow Ms. Porter the opportunity to prove her entitlement, if any, to further relief." *Porter II,* 648 F.2d at 312.[1]

On Porter's third visit to the district court a hearing was held to determine her right to further relief. Porter offered evidence that as a result of her wrongful suspension, for two years she was denied a deserved promotion.[2] The facts show that subsequent to appellant's reinstatement she applied for, and was denied, a position as Claims Folder Clerk. Thereafter Ms. Porter re-applied for the promotion to Claims Folder Clerk, and again this promotion was denied. Although the evidence is not entirely clear, it appears Porter was on the Best Qualified List both times her application was denied. Appellant appealed neither denial because, according to her own testimony, "you sort of trust they are going to be fair and select you if you are qualified."

In October, 1976, Porter for the third time applied for the position of Claims Folder Clerk. Again, despite her position at or near the top of the Best Qualified List, the promotion was denied.[3] Following this third denial Porter commenced Equal Employment Opportunity (EEO) procedures in the Department of Health, Education and Welfare (the "agency") by filing a complaint alleging age and racial discrimination. On June 22, 1977, Herbert Creech, Director of the Special Staff for Equal Employment of the Social Security Administration issued a decision finding no racial or age discrimination. Creech found instead that Porter was denied promotion because of the disciplinary suspension that gave rise to this lawsuit. That determination is supported by unequivocal managerial testimony from Porter's superiors.[4]

1. In a footnote the panel answered a claim of the government that the action was barred by failure to exhaust, saying that the exhaustion doctrine has many exceptions and the district court would have to examine the exhaustion contention in that light. *Porter II,* 648 F.2d at 312. On this appeal Porter asserts that *Porter I* and *Porter II* read together indicate that the panels intended she obtain full relief despite any failure to exhaust. Because we find Porter's claim within one of two exceptions to the exhaustion requirement, we do not reach the contention that the panels intended Porter to be excused from any exhaustion requirement. Nevertheless, although the opinions in *Porter I* and *Porter II* are a bit ambiguous on this point, the footnote in *Porter II* described above suggests Porter incorrectly interprets our prior decisions.

2. Porter also asserted the need for an injunction against future retaliatory action, but the district court denied the requested relief on the ground that there was no evidence of the possibility of future retaliatory activity. Porter does not appeal this determination.

3. The procedures for promotion are as follows: Position vacancies are posted and employees apply. From the pool of eligible applicants a list of "Best Qualified" candidates chosen on the basis of varying criteria is submitted to the selecting official who must fill the vacancy from a candidate off this list.

4. In the course of the EEO investigation employees who denied Porter the promotion filed affidavits explaining why. One of these, quoted in its entirety below, shows Porter was not promoted as a result of her disciplinary suspension, later determined to be wrongful:

In his proposed disposition of Porter's claim Creech recommended "priority consideration for the next GS–4 vacancy for which she qualifies and in which she expresses an interest." The report also stated that "since Ms. Porter wanted retroactive promotion to GS–4, this complaint could not be informally adjusted." At the time of the decision Creech advised Porter that she could appeal his determination if she was dissatisfied. Porter declined to appeal on the advice of her union representative, however, and in August, 1977 she began training for the GS–4 position. In November, 1977, almost two years after she first made the Best Qualified List and 13 months after she filed her EEO complaint Porter was in fact promoted to GS–4. In this hopefully final round of Porter's quest for justice she seeks back pay for the two years she was not promoted due to her wrongful suspension.

At the end of the evidentiary hearing on the merits of the back pay claim the government moved for dismissal under Rule 41 of the Federal Rules of Civil Procedure, arguing that Porter had failed to exhaust her administrative remedies. The district court, after expressing sympathy for Porter's position, granted the motion. The court found that the EEO appeal process was capable of awarding back pay for nonpromotion, and that Porter failed to exhaust the extensive available administrative procedure. Further, the district court found that none of the exceptions to the exhaustion requirement applied here, although the court considered two exceptions,

In conference with Mr. Bruce, Director of Operations, and approving officer of my selection process it was agreed that a person who had been suspended for any reason within 2 years of competing for promotion could not be considered as being worthy of promotion. It was for this reason Mrs. Porter was non-selected, and not because of race, sex, or age.
Affidavit of Mary Lee Dunaway. The EEO Special Officer credited this affidavit entirely: "... the file clearly shows, in managerial testimony, that Ms. Porter, ... was not selected because she had been subject to disciplinary action. ..." Report of Herbert Creech. No one has disputed this interpretation.

inadequate procedure and futility of appeal, potentially applicable. We disagree, and reverse.

In *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194, 203 (1969), the Supreme Court held that in order to obtain judicial relief for an injury a plaintiff must first exhaust administrative remedies. In *Patsy v. Florida International University, supra,*[5] Judge Roney examined the policy reasons underlying the *McKart* holding, those policies being as follows:

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

The en banc majority in *Patsy* acknowledged, however, that certain exceptions to the exhaustion requirement serve to balance the "rights of the claimants against the substantial policy factors favoring the rule." *Patsy,* 634 F.2d at 903.[6]

5. In *Patsy v. Board of Regents of the State of Florida,* —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Supreme Court reversed the holding of the former Fifth Circuit that exhaustion of administrative remedies is required in a § 1983 action. That determination, however, did not undermine the validity of the traditional rule explained in *Patsy,* which requires exhaustion in other actions. Additionally, the opinion of the en banc Fifth Circuit in *Patsy* provides a comprehensive and useful discussion of the exhaustion requirement.

6. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), adopted as precedent decisions of

Appellant contends that two of the *Patsy* exceptions—inadequacy and futility—are applicable here. These exceptions come into play when exhaustion will not advance the policies enunciated. "First, only those remedies which provide a genuine opportunity for adequate relief need be exhausted." *Von Hoffburg v. Alexander,* 615 F.2d 633, 638 (5th Cir.1980). Second, "[e]xhaustion is not required if the established administrative procedures would prove unavailing or futile," *Continental Can Co., U.S.A. v. Marshall,* 603 F.2d 590, 597 (7th Cir.1979). *See also Deltona Corp. v. Alexander,* 682 F.2d 888 (11th Cir.1982).

Appellant argues that the administrative procedure available to her was inadequate because the ·agency was powerless to resolve her claim. The Civil Service regulations establishing the EEO process state repeatedly that the process is available for claims of "discrimination on grounds of race, color, religion, sex, or national origin." Yet, at the initial stage of Porter's trek through the process she discovered that beyond any doubt the reason for her non-promotion was the wrongful suspension.[7] In fact, the EEO officer established that there was absolutely no evidence of racial or age discrimination.[8]

Consequently, the EEO procedure could not, as a matter of law, afford Ms. Porter relief. *Compare Deltona Corp. v. Alexander,* 682 F.2d 888, 893 (11th Cir.1982) (question not whether agency has *any* jurisdiction, but goes to extent of that jurisdiction; agency deserves to rule initially on challenge to its jurisdiction); *Von Hoffburg v. Alexander,* 615 F.2d 633, 638–39 (5th Cir. 1980) (discretionary authority of Secretary of the Army allows interpretation of regulation that may moot jurisdictional question). As opposed to *Deltona* and *Von Hoffburg,* the regulations here are clear

and unambiguous; there is no apparent authority in the regulations discretionarily to define "discrimination on grounds of race, color, religion, sex or national origin" to encompass Porter's suspension.

The government's brief is unresponsive to the specific arguments advanced by Porter. Instead the government urges the administrative remedy was plainly adequate because there is provision in the· EEO regulations for the back pay award Porter seeks. Appellant does not dispute the existence of that provision. Rather, her argument is that the process does not allow for that award on the facts of this case.

Undeniably, the EEO regulations proffered by the government permit awards of back pay. The agency may only award back pay, however, to redress discrimination claims. The basis for Porter's claim of back pay is not discrimination. Her claim is based upon the mandate of this court to adjudicate not only the status of her suspension, but the "penalties and privations resulting therefrom," as well. *Porter I,* 592 F.2d at 785. The government offers no evidence of an administrative procedure, unexhausted or otherwise, which is available to redress privations flowing from a wrongful discharge penalizing an employee for exercising first amendment rights.

Consequently we hold the administrative remedies available to Porter are inadequate, and that any attempt to exhaust them would be futile. They are inadequate because there is no "genuine opportunity for adequate relief," *Von Hoffburg, supra,* 615 F.2d at 638. The process affords no opportunity for relief for a claim not founded on substantiated proof of discrimination, i.e. a claim of wrongful retaliatory suspension. Exhaustion is futile because appellant cannot possibly prevail. *Continental Can Co.,*

---

the former Fifth Circuit rendered prior to October 1, 1981.

**7.** *See* note 3 *supra* identifying evidence of non-promotion as a result of the wrongful suspension.

**8.** The EEO report contained statistical evidence that shows how frivolous any claim of discrimination would be: Porter is white, and was age 48 at the time of non-selection. The investigative file in her case shows 39 employees selected for the position she sought. The report states "[o]f the 39 selectees, 9 are under age 40 and 30 are members of Ms. Porter's racial group." Report of Herbert Creech.

*U.S.A., supra,* 603 F.2d at 597. On the face of the regulations governing the allegedly unexhausted process there is no power in the agency to redress injury flowing from a non-discriminatory wrongful suspension.

In its findings of fact and conclusions of law the district court stated "I have no choice than to deny the relief she seeks about retroactive promotion, although I freely would state that I would grant that if she had exhausted. I personally think she is entitled to it, but I am bound by the law." Because we find as a matter of law that no administrative remedy existed, the district court is free to award the relief to which it felt Porter was entitled. Accordingly we remand for a determination of that amount.

REVERSED.