Jacob L. BATEMAN and Miriam
Bateman, Plaintiffs,

v.

BLUE CROSS–BLUE SHIELD OF
ALABAMA, Defendant.

Civ. A. No. 82–688–N.

United States District Court,
M.D. Alabama, N.D.

Feb. 6, 1984.

Jere L. Beasley and J. Greg Allen, Beasley & Wilson, Montgomery, Ala., for plaintiffs.

Robert W. Bradford, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendant.

## OPINION

MYRON H. THOMPSON, District Judge.

This cause is now before the court on defendant Blue Cross-Blue Shield of Alabama's May 24, 1983, motion for summary judgment and November 10, 1983, motion for full and partial summary judgment. For reasons which follow, the motions are due to be granted in part and denied in part.

### I.

The Federal Employees Health Benefits Act, 5 U.S.C.A. §§ 8901–8913, provides for voluntary nationwide health benefits plans for federal employees. Plaintiff Jacob L. Bateman has a federal health policy with Blue Cross-Blue Shield of Alabama (Blue Cross), a carrier of one of the federal health plans. For several years, Bateman and his wife, plaintiff Miriam Bateman, have been making claims to Blue Cross for expenses allegedly related to medical treatment for Miriam Bateman. The Batemans allege that, beginning in approximately 1978, they began experiencing difficulties in securing payment of some of these claims. In 1980, they filed suit against Blue Cross on these allegedly unpaid claims in the Circuit Court of Montgomery County, Alabama. The state court dismissed their action without prejudice because they had failed to exhaust all their administrative remedies.

In August 1981, Jacob Bateman wrote to Blue Cross requesting "a full and complete accounting" of all paid and unpaid claims the Batemans made to Blue Cross from August 1978 through August 1981. On September 16, 1981, Blue Cross sent the Batemans a letter acknowledging receipt of their request and stating that a response would be made after Blue Cross's legal department reviewed the matter. After two and one-half years, Blue Cross has still not responded.

In 1982, the Batemans commenced the present action in state court claiming essentially that they are entitled to benefits from Blue-Cross and that Blue-Cross committed the state torts of "bad faith" and "outrage" in refusing to pay the requested benefits. This action was later removed to this court pursuant to 28 U.S.C.A. §§ 1331, 1441. By its motions for summary judgment, Blue Cross contends (1) that this entire cause of action is barred because the Batemans have failed to exhaust their administrative remedies and (2) that in the circumstances of this case the state claims of bad faith and outrage are preempted by federal law.

### II.

The doctrine of exhaustion of administrative remedies provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). The exhaustion requirement may be either explicitly dictated by statute or implied from an administrative scheme providing avenues of agency relief. *See, e.g., Linfors v. United States*, 673 F.2d 332 (11th Cir.1982). The doctrine serves several purposes. Among these are

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Porter v. Schweiker*, 692 F.2d 740, 742 (11th Cir.1982) (*quoting Patsy v. Florida International University*, 634 F.2d 900, 903 (5th Cir.1981), *rev'd and remanded on other grounds*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)). *See also McKart v. United States*, 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969).

■ The doctrine is also subject to numerous exceptions, which "come into play when exhaustion will not advance the policies enunciated." *Porter v. Schweiker*, 692 F.2d at 743. For example, "exhaustion is not required where no genuine opportunity for adequate relief exists, ... irreparable injury will result if the complaining party is compelled to pursue administrative remedies, ... or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d at 334. *See also McKart v. United States, supra.*

Blue Cross contends that in addition to making a written request for reconsideration of their disputed claims, the Batemans are required to seek review by OPM before bringing any lawsuit. The Batemans' administrative remedy is governed by 5 C.F.R. §§ 890.105–890.107. According to these regulations, promulgated by OPM, a claimant has one year from the denial of claimed benefits by the carrier to request "reconsideration" by the carrier. The carrier must affirm or deny the request within 30 days of receipt of the request, unless the carrier request additional information reasonably necessary to a determination. § 890.105(b). If the carrier either affirms its denial of benefits or fails to respond to the request for reconsideration within 30 days of the request, the claimant may seek review by OPM. A request for review by OPM must be filed no later than 90 days from the carrier's affirmation of the denial of benefits. § 890.105(c). In reviewing a claim, OPM is not limited to the evidence presented to carrier; it may request and accept additional medical evidence, including requesting a confidential advisory opinion from an independent physician, § 890.-105(d) & (e), and it may make findings of fact, § 890.106. It is apparent from this OPM administrative scheme that not until OPM has reviewed a claim does the record contain all the evidence which could possibly be obtained and considered if the administrative process is allowed to run its course.

■ Considering the above OPM administrative scheme and the policy factors behind the exhaustion doctrine, this court is compelled to conclude and hold that a person seeking judicial review of a carrier's denial of claims under a federal employees' health benefits policy, such as the one in the present case, must first exhaust administrative remedies, including review by OPM. *See Director, Edward J. Meyer Memorial Hospital v. Stetz*, 433 F.Supp. 323 (W.D.N.Y.1977). All of the above enumerated exhaustion policy factors command exhaustion of the OPM administrative scheme. Of course, the particular circumstances of a case may warrant an exception to the requirement of exhaustion of OPM administrative remedies. *See, e.g., McKart v. United States, supra; Porter v. Schweiker, supra.*

■ Nevertheless, the Batemans draw significance from the fact that section 890.-105(c) provides that a claimant "may" seek

review by OPM.* They argue that exhaustion is not required because the use of the permissive term reflects an intent to allow the claimant either to seek OPM review or file court proceedings. This argument is meritless. The word in its context means just what it says: the claimant may seek OPM review, or not seek review and accept the carrier's decision; the choice is the claimant's. The word, simple and unembellished, fits snugly into the OPM administrative scheme, and advances the judicial policies behind the exhaustion doctrine.

### III.

The premise of this entire opinion has been that review by OPM is still available to the Batemans, since more than thirty days have passed since the Batemans filed their request for reconsideration with Blue Cross, and Blue Cross has not responded. § 890.105(b). Accordingly, for the reasons stated in Part II of this opinion, the court will require that the Batemans seek and obtain OPM review before the court will consider their lawsuit on its merits. It does not appear on the present record that an exception to the exhaustion requirement is warranted.

The court is concerned, however, that because of the substantial passage of time there may now be some obstacle to OPM review, an obstacle unapparent to the court and the parties at this time. The court will therefore stay rather than dismiss this lawsuit. Should it appear that OPM review is, in fact, no longer available to the Batemans, they may return to this court and advance the additional argument that as a result of new circumstances the court should entertain their lawsuit on its merits.

Finally, since the court is requiring that the Batemans seek and obtain OPM review, there is no need for the court to address the other issue raised by Blue Cross's motions for summary judgment—i.e., whether

in the context of this case the state torts of "bad faith" and "outrage" are preempted by federal law.

An appropriate order will be entered in accordance with this opinion.

---

\* Section 890.105(c) provides in part as follows:
If a plan either affirms its denial of a claim, or fails to respond to a written request for reconsideration within 30 days of the request, the employee or annuitant may make a written request to OPM's Associate Director for Compensation for a review to determine whether the plan's denial is in accord with the terms of OPM's contract with the carrier of the plan.