**Dennis P. COVILL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. 84CV–7287–AA.

United States District Court, E.D. Michigan, S.D.

Oct. 18, 1984.

Joseph Greenleaf, Jackson, Mich., for plaintiff.

Ross I. MacKenzie, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on defendant's motion to dismiss. For the reasons stated herein, the motion is granted, and the complaint is dismissed without prejudice to refile once administrative procedures have been exhausted in this matter.

FACTS

Taking the facts as alleged in the complaint as the court must on this motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), *Fifth Ave. Peace Parade Committee v. Gray*, 480 F.2d 326, 331 (2d Cir.1973), *cert. denied*, 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974), it appears that plaintiff served in the Coast Guard for over twenty years prior to his retirement in June of this year. During the last few years, plaintiff obtained consistently positive recommendations from his commanding officers. On November 1, 1980, he was promoted from the rank of CWO–3 to CWO–4

Plaintiff began to make preparations for his retirement in 1983. At that time, he served as the Exchange Officer at the Coast Guard Commissary in Detroit. Plaintiff was absent from his work for prolonged periods in 1983, apparently undergoing medical evaluations and undertaking other business in preparation for his scheduled retirement. While he was away, the Commissary was left under the control of another officer, the Exchange Manager. Plaintiff also alleges that a third officer

was appointed as Exchange Officer in his absence during a period in 1983.

Upon discovery that certain merchandise was missing from the Commissary, an investigation was convened under Article 32 of the Uniform Code of Military Justice, 10 U.S.C. § 832. The investigating officer determined that plaintiff had been derelict in his duties to supervise his subordinates, and that he had abused his privileges by selling government property that he had purchased at a discount for his own pecuniary gain. The investigating officer determined that the evidence of malfeasance was insufficient to warrant a court martial. Nonetheless, the Commander of the Ninth Coast Guard District issued a Punitive Letter of Reprimand on March 23, 1984, pursuant to Article 15 of the UCMJ, which stated in part that plaintiff had acted in a "reprehensible manner (in failing) to obey a lawful general regulation by purchasing merchandise from a non-appropriated fund activity, for the purpose of resale and production of income" and that he had "negligently suffered the loss of about $10,000 from the activity." In a memorandum dated June 8, the Commandant of the Coast Guard indicated that he had accepted the recommendation of a special board that plaintiff be retired at the CWO–3, rather than the CWO–4 rank, due to his unsatisfactory performance at the higher level.

Plaintiff brought this action, alleging that he is innocent of the charges against him, and that the investigating officer's conclusions to the contrary are erroneous. He further argues that, even assuming that his conduct during the entire period when he served at the CWO–4 level was unsatisfactory, he is still entitled to be retired at that level. He draws this argument from 10 U.S.C. § 1371, which, according to plaintiff, entitles him to retirement at the highest rank he achieved so long as he performed satisfactorily for the first 30 days of service at that rank. The statute provides as follows:

> § 1371. Warrant officers: general rule
>    Unless entitled to a higher retired grade under some other provisions of law, a warrant officer retires, as determined by the Secretary concerned, in the permanent regular or reserve warrant officer grade, if any, that he held on the day before the date of his retirement, or in any higher warrant officer grade in which he served on active duty satisfactorily, as determined by the Secretary, for a period of more than 30 days.

Finally, plaintiff presents a constitutional challenge to the procedures whereby he was demoted. He asserts that he was not permitted to present adequate evidence of his innocence to the special board, and this absence of adversarial procedures constituted a violation of his right to due process as guaranteed by the Fifth Amendment of the United States Constitution.

DISCUSSION

Defendant moves for dismissal of this action on the grounds that plaintiff has failed to exhaust his administrative remedies prior to initiation of this action. In particular, defendant argues that plaintiff should have, but failed to proceed before either the Personnel Records Review Board (PRRB), established by regulations propounded by the Commandant, or the Coast Guard Board for Correction of Military Records (BCMR), established by 10 U.S.C. § 1552.

The purpose of the PRRB is to "act initially on claims of error in personnel records within its competence before such claims are submitted ot the BCMR," Commandant Instructions 1070.9. The PRRB is empowered to review all claims of error contained in Coast Guard personnel records, with the exception of certain types of administrative actions, including "nonjudicial punishment", id. In the event that the PRRB determines that it is without power to grant relief requested by a complainant, it will forward the claim to the BCMR. That body has broad authority to remedy errors of Coast Guard personnel. Its function is described in 33 C.F.R. 52.05–5 as follows:

> § 52.05–5 Function.
>    The function of the Board is to consider all applications properly before it

together with all pertinent military records to determine whether an error has been made in the Coast Guard records, or whether, under normal standards of military law, administration, and practice, the subject of the application has suffered a wrong as the result of an error of omission or commission in his records, or through some manifest injustice in the treatment accorded him.

■ Plaintiff contends that exhaustion of administrative remedies before either of these bodies is not required in this case, because he is seeking a ruling on the construction of a federal statute, 10 U.S.C. § 1371, and is advancing a claim of violation of due process, legal issues that are beyond the competence of administrative agencies to resolve.

The answer to this contention is that, if the BCMR determines as a matter of fact that the charges against plaintiff were insufficient to justify the sanctions imposed against him, there will be no need for it to determine whether or not he is entitled to retire at the CWO-4 rank under 10 U.S.C. § 1371, *see Seepe v. Department of Navy,* 518 F.2d 760, 764 (6th Cir.1975); *Hodges v. Callaway,* 499 F.2d 417, 422 (5th Cir.1974). Further, to the extent that plaintiff is complaining of constitutional defects in the administrative process by which his wrongdoing was ascertained and the sanction of demotion imposed, this court adopts the reasoning of *Horn v. Schlesinger,* 514 F.2d 549 (8th Cir.1975), which stated as follows:

It is argued that there are no procedures for discovery before the Board, that there are no provisions of the compulsory attendance of witnesses, and that all members of the Board are appointed by the Secretary, it thus being, according to plaintiff, "absolutely inconceivable that [the Board] would declare one of his regulations unconstitutional." These flaws plaintiff asserts, deprive him of due process. Such matters, however, whether or not fatal within context, as to which we express no opinion, will never be reached should the plaintiff prevail before the Board. We advert to the fundamental doctrine that the Court should avoid passing on unnecessary constitutional questions, a doctrine peculiarly applicable here in view of our traditional reluctance to interfere with the military establishment.

*Id.* at 553–54 (footnotes omitted).

■ Although plaintiff alleges that the matters raised by his complaint are outside of the jurisdiction of the agency, this court will excuse the exhaustion requirement only if (1) the agency's jurisdiction is conspicuously lacking; (2) the agency's expertise will not assist the court in resolving the jurisdictional issue, or (3) requiring exhaustion will result in irreparable harm to the claimant, *Shawnee Coal v. Andrus,* 661 F.2d 1083, 1093 (6th Cir.1981). In this case, the court concludes that the matter in dispute, whether or not plaintiff was properly found to have violated Coast Guard regulations, and whether he was properly demoted, are matters over which the BCMR's jurisdiction is conspicuously present. The fact that plaintiff's complaint raises questions concerning the construction of statutory provisions under which the Coast Guard operates, as well as disputed questions of fact, does not divest the BCMR of its jurisdiction to hear the claim, *cf. Linfors v. United States,* 673 F.2d 332 (11th Cir.1982) (Coast Guard BCMR had jurisdiction to determine if the Commandant had erred in determining that plaintiff was not entitled to include time spent in Coast Guard Academy as a cadet as part of his twenty years of active service for purposes of retirement pursuant to 14 U.S.C. § 291, and claim was dismissed for failure to exhaust administrative remedies). Indeed, the BCMR was established by Congress precisely to deal with this kind of a dispute, *see Horn, supra* at 552 n. 9. Further, the court has already concluded, in an order denying plaintiff's motions for a temporary restraining order, dated July 11 of this year, and in an oral ruling from the bench, denying plaintiff's motion for a preliminary injunction on July 24, that plaintiff will not suffer irreparable injury as a re-

sult of being remanded to his administrative remedies at this time.

Were this a case where a regulatory agency sought to adjudicate the rights of plaintiff by its own initiative, e.g., an investigation and determination by the NLRB that an employer or labor organization had engaged in an unfair labor practice, and plaintiff was challenging the jurisdiction of the agency to render such a determination, a proper case might be made out for waiver of the exhaustion requirement, *see, e.g. Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) (federal district court has jurisdiction of an original suit to vacate the determination of an administrative agency because it acted in excess of its powers). *See generally* 4 Davis, *Administrative Law Treatise*, 2d Ed. § 26.4 (1983). Further, if plaintiff were merely challenging the facial constitutionality of a federal statute that granted an administrative agency regulatory or adjudicatory authority, this might be an appropriate case for immediate judicial review, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (the purpose of exhaustion is served once the Secretary has satisfied himself that the only issue is the constitutionality of the statutory requirement, a matter which is beyond his jurisdiction to determine). *See generally,* 4 Davis, *supra,* § 26.6. In this case however, the administrative tribunal has not yet rendered a determination to which the plaintiff objects as beyond its proper authority. Further, plaintiff does not challenge the constitutionality of 10 U.S.C. § 1371, but merely seeks a determination of its meaning. Plaintiff has offered no compelling reason why this determination must be made in the first instance by this court rather than by the administrative tribunal charged with enforcement of the statute.

For the foregoing reasons, the defendant's motion to dismiss is granted, with the implicit condition that plaintiff will be permitted to refile this action in the event that he is dissatisfied with the rulings of the appropriate administrative tribunals.

SO ORDERED.