**Ella PORTER, Plaintiff-Appellant,**

v.

**Margaret HECKLER, in her capacity as Secretary of the Department of Health and Human Services, Defendant-Appellee.**

No. 85–7066.

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1986.

Judson H. Miner, Davis, Miner, Barnhill & Galland, Laura E. Tilly, Chicago, Ill., for plaintiff-appellant.

George C. Batcheler, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

RONEY, Circuit Judge:

In this case the district court denied an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d), finding the Government's position "substantially justified" throughout the extensive litigation that produced three appeals. Our decision on this fourth appeal turns on two legal decisions: *first*, when the Government's position at one stage of litigation is substantially justified, but at another stage unjustified, fees may be awarded for work incurred for the portion of the proceeding resulting from the Government's unjustified position, and *second*, the Government's position is not justified merely because it is defending an appeal from a trial court judgment in its favor. Holding that although the Government's position was sub-

stantially justified during the early course of the litigation, it later was not, we reverse and remand.

The relevant section of the Equal Access of Justice Act, 28 U.S.C.A. § 2412(d)(1)(A), provides that a prevailing party in a suit against the Government will be awarded attorney's fees

> ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

This litigation involved several different claims for relief and theories of recovery and passed through several distinct phases. The Court must examine the Government's litigation position regarding each claim and in each phase, for "it would contravene the purposes of the Act to require the government to bear the expense of defending even its reasonable positions.... [T]he United States is only responsible for 'that portion of the expenses attributable to its unjustified positions.'" *Matthews v. United States*, 713 F.2d 677, 684 (11th Cir.1983) (quoting *Goldhaber v. Foley*, 698 F.2d 193, 197 (3d Cir.1983)). *See also White v. United States*, 740 F.2d 836, 842–43 (11th Cir. 1984); *Martin v. Lauer*, 740 F.2d 36 (D.C. Cir.1984); *Ellis v. United States*, 711 F.2d 1571, 1577 (Fed.Cir.1983) (litigation involved two phases, separated by an appeal; Government was not justified in litigating liability issue during first phase but was justified in defending damages claim during second phase; fees awarded for first phase only).

■ The Government can avoid a fee award if it demonstrates that its position in the litigation had a reasonable basis both in law and in fact. *United States v. 640.00 Acres of Land*, 756 F.2d 842, 849–50 (11th Cir.1985); *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir.1984); *White*, 740 F.2d at 839; *Enerhaul, Inc. v. NLRB*, 710 F.2d 748, 750 (11th Cir.1983). This Circuit has construed the statutory phrase "the position of the United States" to refer to the Government's position during litigation rather than the agency's underlying posi-

tion. *Ashburn*, 740 F.2d at 850; *White*, 740 F.2d at 842.

The position of the Government is not substantially justified merely because the Government prevailed before the district court and then simply sought to uphold the decision on appeal. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir.1985); *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162, 167 (6th Cir.1985); *Martin v. Lauer*, 740 F.2d at 43. Though a district court victory may be evidence that the Government's position was justified, the court considering an attorney's fees application must independently analyze the Government's position. *Sigmon Fuel Oil*, 754 F.2d at 167; *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C.Cir.1984).

To review the district court's denial of fees, we must measure against these standards the Government's position in each stage of the litigation, which we as a matter of convenience refer to as *Porter I, Porter II, Porter III,* and *Porter IV* (this appeal). This litigation has covered roughly ten years and three prior appeals to the Fifth and Eleventh Circuits. Because the prior opinions, cited hereafter, have fully discussed the facts, our review will be relatively brief.

### A. *Porter I*

Ella Porter's troubles began in 1975 when she was suspended for thirty days without pay from her GS–3 position as a clerk/typist for the Social Security Administration ("the agency"). The stated ground for suspension was "[w]riting letters to employees communicating false information which injured the reputation of management officials, lowered employee confidence in the integrity of the organization and adversely affected the efficiency of the office."

After exhausting her administrative appeals, Porter sought review of the agency action by filing a complaint in the federal district court. Porter alleged that the suspension violated her First and Fifth Amendment rights and sought: (1) a judgment voiding her suspension, restoring all benefits and wages lost, and purging her

employment records of the suspension; (2) injunctive relief against further violations of her constitutional rights by management; and (3) *Bivens*-type relief in the form of damages against her supervisors.

The defendants filed a motion for summary judgment which the district court granted. On appeal, the Fifth Circuit reversed. *Porter v. Califano*, 592 F.2d 770 (5th Cir.1979) (*Porter I*). The Government's basic argument was that Ms. Porter had no right to a new trial of her suspension in the district court because she had received every procedural protection required by Civil Service Commission regulations. These regulations, the Government contended, afforded sufficient constitutional protection to employees suspended for thirty days or less.

On the First Amendment issue, the Government argued that even though a public employee cannot be denied employment on a basis which offends her First Amendment rights, under both *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) and *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) there are certain types of speech which are not protected. Here, Porter's criticism of supervisory personnel in the agency, as the administrative record "clearly showed," acted to "seriously undermine the effectiveness of the working relationship" necessary for that agency to carry out its functions.

██ In resolving the due process issue, the Fifth Circuit declined to rule on Porter's argument that a post-suspension hearing was required. Rather, the court found Porter was entitled to *de novo* review of all claims against the agency under 5 U.S.C.A. § 706(2)(F) because the agency fact-finding procedures were inadequate in this case. Neither the Government nor Ms. Porter had cited this statute as a basis for independent district court review. Moreover, in arguing the reach of *Arnett v. Kennedy*, the Government was interpreting a recent case with no majority opinion and without subsequent judicial clarification in the Fifth Circuit or elsewhere. Given the then un-

settled state of the law and the Government's reliance on express statutory and regulatory procedures, the Government's position was substantially justified.

On the First Amendment question, the Court of Appeals found summary judgment improper given the existence of genuine issues of material fact. The court, discussing 5 U.S.C.A. § 706(2)(B), held it was improper to rely heavily on investigative findings and conclusions of an interested agency in a case involving delicate and complex matters of an individual's constitutional right against the Government, especially where agency fact-finding procedures were inadequate.

It cannot be said that the Government's position on the First Amendment issue was unjustified. The essence of the dispute here was how much respect should be given to the agency's determinations. This issue involved an unsettled area of the law and was, as Ms. Porter herself characterized it, "substantial and complex." Reply Brief for Plaintiff-Appellant at 22, *Porter I*. Judge Goldberg noted the *Porter I* opinion was "another episode in [the] journey" of expanding the constitutional rights of federal employees. 592 F.2d at 771. Indeed, the depth and breadth of Judge Goldberg's discussion reveal the complex issues involved.

Thus, the Government was substantially justified in its initial defense of the lawsuit through the appeal in *Porter I*. This does not end the inquiry, however, for it is "incumbent upon the government to abandon its opposition to the other party as soon as it becomes apparent that its litigation stance is not substantially justified." *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1086 (2d Cir.1983).

### B. *Porter II*

After the Fifth Circuit's mandate in *Porter I*, the Government tendered Porter back pay and expunged her suspension from the records. The Government then moved for summary judgment, alleging that the case was now moot, that "[a]ll benefits and entitlements [had] been awarded to the plain-

tiff," and that, "[h]aving completely restored the plaintiff," the defendants were entitled to a judgment as a matter of law. The district court granted the motion.

Again, the Fifth Circuit reversed. *Porter v. Schweiker*, 648 F.2d 310 (5th Cir. Unit B 1981) (per curiam) (*Porter II*). Porter had argued that the tender of back pay and expungement of her records did not ensure her against retaliation by her superiors, and that the district court needed to decide issues of fact before determining that an injunction was unnecessary. Additionally, Porter had argued she was improperly denied job promotions and was entitled to relief for lost promotional opportunities. In *Porter I* the court had noted the district court might, on remand, be required to remedy not only the suspension, but also "penalties and privations resulting therefrom," *Porter I*, 592 F.2d at 785, "such as an inability to gain promotions as easily as she might, as well as the general stigma that attaches to a disciplined employee." *Id.* at 785 n. 29.

■ The district court erred in finding that the Government's position on Porter's retaliation claim was substantially justified during *Porter II* because it was ultimately determined, after the *Porter II* appeal, that there was no basis *in fact* for the claim. The Government may indeed have been justified in defending against the claim's factual basis. This, however, was not the Government's litigating position in *Porter II*. Rather, the Government, through its motion for summary judgment, asserted that the claim had no basis *in law*, a position which itself had no basis in law and which necessitated the appeal.

The Government argued on appeal that Porter could not litigate her lost promotional opportunities claim because she had failed to exhaust administrative remedies. The Fifth Circuit noted, however, that the exhaustion requirement "has numerous exceptions" and "it is the district court's responsibility, on remand, to determine whether the doctrine forecloses Porter on this issue in this case." *Porter II*, 648 F.2d at 312 n. 2. The Government's exhaustion argument was not substantially justified, as the discussion of *Porter III, infra,* will show.

■ During *Porter II*, the Government defended against Porter's *Bivens* claim on the basis that she had waived that claim by failing to pursue it until after her first appeal. The Fifth Circuit determined that the waiver issue should be presented to the district court on remand. Before the district court could rule on the merit of this defense, however, Porter voluntarily dismissed the *Bivens* claim after remand of *Porter II*. The district court did not err in determining that the Government's defense of this claim was substantially justified. Porter may not recover fees for hours spent preparing and pursuing her *Bivens* claim. *See Matthews v. United States*, 713 F.2d at 683–84.

### C. *Porter III*

After an evidentiary hearing following *Porter II*, the district court, though expressing sympathy for Porter's position, granted the Government's motion for dismissal of the lost promotions claim on the ground that Porter had failed to exhaust her administrative remedies.

■ The Eleventh Circuit Court of Appeals reversed, finding the administrative remedies both inadequate and futile. *Porter v. Schweiker*, 692 F.2d 740 (11th Cir. 1982) (*Porter III*). The EEO process was available only for claims of "discrimination on grounds of race, color, religion, sex, or national origin," while the EEO investigation had concluded that Porter was denied promotion because of her suspension. "The government offers no evidence of an administrative procedure, unexhausted or otherwise, which is available to redress privations flowing from a wrongful discharge penalizing an employee for exercising first amendment rights." *Id.* at 743.

Porter's promotion after the EEO investigator's findings and recommendation was the result of the agency's *totally voluntary* adoption of the recommendation. On the face of the regulations, the EEO has

*no* authority to order promotion or back pay *unless* the claim is based on discrimination. Porter could not have received back pay through this process no matter how many appeals she took. The Government's position was contrary to the "clear and unambiguous" regulations, was "unresponsive," and was without justification.

■ After the *Porter II* remand, the district court found no evidence of the possibility of future retaliatory action, and Porter did not appeal this determination. Therefore, the Government was substantially justified in opposing Porter's injunctive relief claim on the merits after the *Porter II* appeal, and Porter may not recover any fees she incurred in pursuing this claim after the Fifth Circuit remanded the issue for factual determination.

### D. *Porter IV*

Following *Porter III,* and more than eight years after Porter's suspension, Porter and the Government entered a Stipulation of Settlement and Dismissal. The Government, without admitting Porter's entitlement, retroactively promoted Porter effective August 29, 1976 and awarded $465 back wages.

Porter also filed a petition for attorney's fees and costs of over $40,000. Fifteen months later, the district court entered an order denying Porter's petition. The court addressed each stage of the litigation and determined the Government's position was "substantially justified." Inasmuch as plaintiff has essentially prevailed in this appeal on her argument that she is entitled to attorney's fees in this litigation, she should be awarded fees for pursuing this appeal.

### CONCLUSION

The Government initially was justified in defending its position in court but through its subsequent unjustified efforts needlessly delayed resolving the case on its merits. Plaintiff Porter is entitled to receive all reasonable attorney's fees she incurred after the Fifth Circuit's decision in *Porter I,* with the exception of fees incurred in pur-

suing the later dismissed *Bivens* claim, and in seeking injunctive relief after the Fifth Circuit's decision in *Porter II.* The division of fees among these various stages of litigation may be difficult and is peculiarly within the discretion of the trial court. The case is remanded so that the district court may allow fees to the plaintiff in accordance with this opinion. With this decision, the parties may be able to settle the matter between themselves, in which event they should immediately advise the district court.

REVERSED and REMANDED.