43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Plaintiff-Appellee,
v.
Kemal SHOAIB, Defendant,
and
California Federal Bank, F.S.B., Intervenor-Appellant.
 No. 92-56436.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1994.
Decided Dec. 12, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California Federal Bank ("Cal Fed") intervened in this action brought by the Board of Governors of the Federal Reserve System ("Board of Governors" or "Board") against defendant Kemal Shoaib, in order to protect its mortgage interest in a condominium owned by Shoaib. Cal Fed appeals the district court's order to sell the condominium as well as its implicit denial of Cal Fed's motion to clarify the preliminary injunction. We hold that the appeal is moot.
 
 I.
 
 3
 The Board of Governors initiated this action against defendant Kemal Shoaib, a former official at the Bank of Credit and Commerce International, to recover $20 million in civil penalties assessed for violations of federal banking regulations. On October 8, 1991, the Board recorded a lis pendens on Shoaib's Century Park Lane condominium. [CR 21 at 13] On October 16, 1991, the district court issued a preliminary injunction pursuant to 12 U.S.C. Sec. 1818(i)(4) to preserve Shoaib's assets during the course of the proceedings against him. The order enjoined any person with actual notice of it from transferring or dissipating any property located in the United States that was in the possession of Shoaib. [ER 13]
 
 
 4
 Cal Fed holds a First Trust Deed on the Century Park Lane condominium. Its lien interest is approximately $500,000. On or about January 19, 1992, Cal Fed informed the Board of Governors that Shoaib had defaulted on his mortgage payments on the condominium. The Board then mailed Cal Fed a copy of the preliminary injunction and stated that the condominium was subject to the injunction.
 
 
 5
 The Board of Governors and Cal Fed disagreed as to whether the preliminary injunction prevented Cal Fed from foreclosing on the condominium. After the parties unsuccessfully attempted to negotiate a settlement, Cal Fed filed an unopposed motion to intervene and a motion seeking clarification that the preliminary injunction does not prohibit it from conducting a foreclosure sale on the condominium property. [CR 19] The Board of Governors opposed the motion for clarification. [CR 21]
 
 
 6
 The district court held a hearing regarding the motion for clarification on September 8, 1992 and took the matter under submission. [SER 23] On September 9, 1992, the Board filed an ex parte application for an order to sell the condominium, in which it asserted that 28 U.S.C. Sec. 3201(f) provided the district court with authority to issue such an order. [ER 25 at 2] Judge Williams issued an order to sell the property on September 10, 1992, requiring the condominium to be listed with an independent broker jointly chosen by the Board and Cal Fed at a price of $750,000 for a period of sixty days. [ER 27] The Board and Cal Fed were free to jointly change the listing price or extend the listing period. The order further stated "that if this property is not sold during this period, Plaintiff and/or Intervenor may seek leave of Court to provide for an alternative means to sell this property." [ER 27 at 2] The district court did not expressly rule on Cal Fed's motion for clarification.
 
 
 7
 The district court subsequently denied Cal Fed's motions to vacate and to stay the September 10, 1992 order to sell. [CR 33 & 43] On November 6, 1992, Cal Fed filed its notice of appeal from the order to sell. [ER 40]
 
 
 8
 The Board of Governors offered to settle with Cal Fed in a letter from Mr. Labaton to Richard Schirtzer (Cal Fed's counsel) dated May 12, 1993. Mr. Labaton noted that the government's interest in the condominium had diminished over the course of the litigation, and stated:
 
 
 9
 Therefore, we would not oppose a foreclosure or other sale of this property by your client if doing so ends all litigation between the United States and your client and each side agrees to bear its own litigation and other costs.
 
 
 10
 [Appellee's Motion to Remand, Exhibit B] Cal Fed did not accept the Board's offer.
 
 
 11
 On July 26, 1993, the district court held a status conference. Mr. Labaton took the position that the Board of Governors was abandoning any hope of recovery from the property. [Appellee's Motion to Remand, Exhibit A at 13-14] Mr. Schirtzer reported that Cal Fed wished to pursue the appeal "for the principle of it," because it is "concerned about this happening again in another context in which there might be some equity for the government." [Id. at 14] The district court ordered the Board of Governors to ask this court to remand the action so that it could be dismissed. [Id. at 15-16] Accordingly, the Board filed its motion to remand based on mootness.
 
 II.
 
 12
 Cal Fed contends that the appeal is not moot because the Board's settlement offer was conditional, both district court orders are still outstanding, and Cal Fed will be entitled to seek damages from the Board of Governors if it prevails on this appeal.
 
 
 13
 A full offer of settlement renders a case moot. See Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir.1991); Spencer-Lugo v. INS, 548 F.2d 870, 870 (9th Cir.1977). A settlement offer does not result in mootness, however, if it does not provide all the relief a court might award. Porter v. Schweiker, 648 F.2d 310, 312 (5th Cir.1981). Cal Fed argues that the Board's offer to settle was conditioned on terminating this litigation and requiring each party to bear its own litigation expenses, and therefore does not constitute a full offer of settlement.
 
 
 14
 The purpose of a settlement offer is to end the litigation between the parties, so conditioning such an offer on terminating that litigation does not transform it into a partial offer.
 
 
 15
 Cal Fed has not asked this court or the district court to order the Board of Governors to pay Cal Fed's costs and attorney's fees, nor has it cited any legal basis for such a request. An "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990). We have repeatedly held that "attorney fee issues are ancillary to the underlying action and survive independently under the court's equitable jurisdiction" when the substantive claims are dismissed as moot. Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir.1986). "[T]here is no right to review or redetermine any of the issues in the underlying action solely for the purpose of deciding the attorney's fees question." United States v. Ford, 650 F.2d 1141, 1144 n. 1 (9th Cir.1981), cert. denied sub nom. Midwest Growers Cooperative v. United States, 455 U.S. 942 (1982).
 
 
 16
 The Board has represented to this court that it has "for some time, been willing to do whatever is necessary to allow such a foreclosure to take place." [Appellee's Motion to Remand 6] The Board's position is that it has no interest in the property and that Cal Fed may foreclose, apparently without regard to whether it accepts the Board's settlement offer. Indeed, both the Board and the district court believe the Order to Sell has expired and no longer prevents Cal Fed from foreclosing. While it is possible to read the Order to Sell and the preliminary injunction together to imply that Cal Fed was required to return to the district court to ask permission to foreclose once the sixty-day period expired, both the Board and the district court agree that that step is not necessary.[1]
 
 
 17
 Because the interlocutory order appealed from no longer has any effect, we must dismiss this appeal as moot unless we can grant additional "meaningful relief," Church of Scientology of Calif. v. United States, 113 S.Ct. 447, 450 (1992), or one of the exceptions to the mootness doctrine applies, see United States v. State of Wash. Dept. of Fisheries, 573 F.2d 1118 (9th Cir.1978) (dismissing appeal from three injunctions because they had no current force and did not fit into the "capable of repetition, yet evading review" exception), aff'd, 443 U.S. 658 (1979).
 
 
 18
 Cal Fed argues that even though it may now foreclose on the condominium, it will be entitled to seek damages if it prevails in this appeal. "If [a party] is entitled to collect damages in the event that it succeeds on the merits, the case does not become moot even though declaratory and injunctive relief are no longer of any use." Z Channel Ltd. Partnership v. Home Box Office, Inc., 931 F.2d 1338, 1341 (9th Cir.1991), cert. denied, 112 S.Ct. 875 (1992). Cal Fed's failure to ask for damages in the district court is not dispositive, since "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed.R.Civ.P. 54(c); Z Channel Ltd., 931 F.2d at 1341.
 
 
 19
 The salient issue, then, is whether Cal Fed would be entitled to collect damages if it succeeds on the merits. Cal Fed argues that it has been injured by the Board's actions in this litigation. [Opposition Brief to Motion to Remand 7-8] Yet all of Cal Fed's purported damages result from the Board's attempt to protect its interest in Shoaib's property by obtaining orders from the district court. Cal Fed does not suggest any legal basis for holding the Board liable for damages under these circumstances. Cal Fed's speculation that it will be entitled to seek damages in some future proceeding if it prevails in this appeal, without more, does not save the appeal from mootness.
 
 
 20
 Nor does the "capable of repetition yet evading review" doctrine prevent a finding of mootness. This exception is limited to situations in which
 
 
 21
 (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.
 
 
 22
 Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Because the district court order has expired, this case satisfies the first element, since injunctive orders of limited duration will frequently expire before a court of appeals or the Supreme Court can reach a final decision. See Miller v. California Pac. Med. Ctr., 19 F.3d 449, 453-54 (9th Cir.1994) (en banc ). However, Cal Fed has pointed to no evidence suggesting a reasonable expectation that the dispute will recur, other than its subjective "concern[ ] about this happening again in another context in which there might be some equity for the government." [Appellee's Motion to Remand, Exhibit A at 14] This speculation is insufficient to establish a reasonable expectation that Cal Fed will again be subject to the same conduct.
 
 
 23
 Generally, when a civil case becomes moot pending appeal, the appropriate disposition is to vacate the district court judgment with instructions to dismiss the action. See Deakins v. Monaghan, 484 U.S. 193, 200 (1988). "In the case of interlocutory appeals, however, 'the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from.' " In re Tax Refund Litigation, 915 F.2d 58, 59 (2d Cir.1990) (quoting Gjertsen v. Board of Election Comm'rs, 751 F.2d 199, 202 (7th Cir.1984)). The latter course is particularly appropriate here because the Order to Sell has expired.
 
 
 24
 APPEAL DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Given the Board's position in this litigation, it will be judicially estopped if it does seek to prevent Cal Fed from foreclosing. See Russell v. Rolfs, 893 F.2d 1033, 1037-38 (9th Cir.1990), cert. denied, 111 S.Ct. 2915 (1991)