The principal issue to be resolved on this appeal is whether members of city and county industrial boards, planning and zoning boards, school boards, boards of adjustment, utility boards, housing boards, public hospital boards and any boards, commissions, committees, authorities or councils having jurisdiction with respect thereto, are subject to the Alabama Ethics Act. § 36-25-1, et seq., Code 1975.
Incidental issues are: whether the action was properly maintained as a class action; and whether the City of Mobile and the Industrial Development Board of the City of Mobile have standing to sue.
Plaintiffs in the action are the City of Mobile; the Industrial Development Board of the City of Mobile; Oliver H. Delchamps, Jr., as Vice President and as a member of the Board of Directors of the Industrial Development Board of the City of Mobile; E. Frank Schmidt, as Treasurer and as a member of the Board of Directors of the Industrial Development Board of the City of Mobile; C.M.A. Rogers, III, as a member of the Board of Directors of the Industrial Development Board of the City of Mobile; E. Ward Faulk, as a member of the Board of Directors of the Industrial Development Board of the City of Mobile; Michael P. Feore, as Vice President and as a member of the Greater Mobile Mental Health-Retardation Board, Inc.; Withers Davis, as President and as a member of the Montgomery Area Mental Health Authority, Inc., and Robert B. Nesbitt, as Treasurer and as a member of the Montgomery Area Mental Health Authority, Inc.
Defendants are George E. Bagley, Alto V. Lee, III, Leslie S. Wright, Melvin G. Cooper, members of the Alabama Ethics Commission, and William J. Baxley, Attorney General of the State of Alabama.
In their complaint, plaintiffs allege the action was brought in their own behalf and as representatives of:
 "* * * all other persons appointed under state, county or municipal law as members of all municipal and county boards, agencies, commissions, committees, councils and authorities, similarly situated, including but not limited to city and county industrial boards, planning and zoning boards, school boards, boards of adjustment, utility boards, housing boards, public hospital boards, and other boards, commissions, committees, councils or authorities having jurisdiction with respect thereto, in all cities and counties in the State of Alabama."
They contend the effect of this court's decision in Comer v.City of Mobile, 337 So.2d 742 (Ala. 1976), excludes members of the alleged class from the definition of "public official" found in § 36-25-1 (11), Code 1975 *Page 1117 
(§ 2 (k) of the Ethics Act). The Circuit Court of Montgomery County agreed, and entered a final judgment by which it permanently enjoined the enforcement of the Ethics Act against:
 "* * * Plaintiffs and all other persons appointed under state, county, or municipal law to an office which is normally filled other than by an election by the voting populace, being all county and municipal boards, agencies, commissions, committees, councils and authorities, similarly situated, including but not limited to city and county industrial boards, planning and zoning boards, boards of adjustment, utility boards, housing boards, public hospital boards, mental health boards, and other similar boards, commissions, committees, councils or authorities having jurisdiction with respect to all cities and counties in the State of Alabama, regardless of population * * *"
This appeal is from that judgment, which is partially erroneous in the above aspect, erroneous in other aspects; therefore it will be reversed.
Before addressing the applicability of the Act to plaintiffs, and the class defined by the trial court, it is necessary to answer two procedural questions posed in this case: (1) Whether this action was properly maintained as a class action; and (2) Whether the City of Mobile and the Industrial Development Board of the City of Mobile have standing to challenge the Act. We answer each of these questions in the negative.
 The Class Action Question
The prerequisites to maintaining a class action are set forth in Rule 23 (a), ARCP:
 "(a) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
Additional requirements are found in Rule 23 (b), ARCP:
 "(b) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
 "(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
 "(A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 "(B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 "(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 "(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."
Moreover, Rule 23 (c)(1), mandates:
 "As soon as practicable after the commencement of an action brought as a *Page 1118 
class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."
In its final judgment, in addition to defining the class as we set out above, the trial court found:
 "(b) That the class is so numerous that joinder of all members is impracticable; that there are questions of law and fact common to the class; that the claims of the representative parties are typical of the claims of the class; and that the representative parties have fairly and adequately protected the interests of the class; and
 "(c) That this action has been properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class; that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and that the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole. * * *"
The record is silent as to whether a hearing was had on the class action question, and absent an order of the trial court determining the suit could be maintained as a class action. An order of determination is mandatory. 3B Moore's Federal Practice, ¶ 23.50, at p. 23-1101. The trial court has the duty to determine the class action question whether or not a motion is made by either of the parties. Rodriguez v. East Texas MotorFreight, 505 F.2d 40 (5th Cir. 1974). It must determine, before entry of judgment, that all prerequisites of 23 (a) are met and, in addition, that at least one of the three requirements of 23 (b) are satisfied. 3B Moore's Federal Practice, ¶ 23.03, at p. 23-228; Rule 23 (c)(1). These findings and determinations were not made, therefore there are before us only the named plaintiffs excepting the City of Mobile and the Industrial Development Board of the City of Mobile. The latter excepted for the reasons we will now discuss.
 The Standing to Sue Question
In order that the City of Mobile and the Industrial Development Board of the City of Mobile be proper parties plaintiff to this action they must have, either individually or in a representative capacity, an interest in the right to be protected. Stewart v. White, 128 Ala. 202, 30 So. 526 (1901). The language of § 36-25-1 (1), Code 1975 (§ 2 (k) of the Act), clearly applies only to those it defines as public officials; not to cities or boards or similar entities. Hence, only the named plaintiffs, who are persons, have standing to challenge the applicability of the Act. They would be directly affected by enforcement of it. The City of Mobile and the Industrial Development Board of the City of Mobile would not and therefore lack standing to challenge its enforcement.
 The Merits
The provision of the Ethics Act calling for interpretation in order to determine whether the Act is enforceable against, and applicable to, the named individual plaintiffs is § 36-25-1
(11), Code 1975 (§ 2 (k) of the Act):
 "PUBLIC OFFICIAL. Any elected official at the state, county or municipal level of government and any person appointed under state, county or municipal law to an office where in the conduct of such office such person has administrative and discretionary authority for the receipt or expenditure of public funds. This term shall also include members of state boards, commissions, committees, councils and authorities, however selected, presidents, vice-presidents, chief purchasing officials and chief financial officials *Page 1119 
of all schools, colleges and universities of the state; members of city and county industrial boards, planning and zoning boards, school boards, boards of adjustment, utility boards, housing boards, public hospital boards and any boards, commissions, committees, authorities or councils having jurisdiction with respect thereto, in all cities whose population is more than 15,000 according to the last decennial census. This term excludes members of all other boards not named including but not limited to those commissions, committees, councils, boards or authorities, functioning solely for cultural or historical purposes and advisory board members and members of boards of trustees of institutions of higher learning of the State of Alabama."
The Ethics Commission and the Attorney General, appellants, state the issue presented for review as follows:
 "The only issue presented for review on this appeal is whether in light of this Court's decision in Comer v. City of Mobile, 337 So.2d 742 (1976) appointed members of county and municipal boards who have `administrative and discretionary authority for the receipt or expenditure of public funds' are `public officials' under Section 2 (k) of Act No. 130, 1975 Session, and thus subject to the prohibitions and requirements of that act."
Appellees disagree, and say:
 "Does Act No. 130 of the 1975 Regular Session of the Legislature of Alabama apply to persons appointed under state, county and municipal law as members of municipal and county boards, agencies, commissions, committees, councils and authorities, including, but not limited to city and county industrial boards, planning and zoning boards, boards of adjustment, utility boards, housing boards, public hospital boards, and any and all other similar boards, commissions, committees, authorities or councils having jurisdiction with respect to all counties and municipalities in the State of Alabama?"
The trial court answered the issue, as stated by appellees, in the negative.
In Comer, supra, Justice Beatty, for the court, stated:
 "* * * Since we can find no reasonable relationship between boards in cities with a population of over 15,000, as opposed to cities which do not reach the minimum population mark, with regard to the integrity of board members, we must conclude that the classification in the quoted portion of the § 2 (k) is an arbitrary and capricious one, and thus unconstitutional. Accordingly, we hold that this portion of § 2 (k) is unenforceable."
What was the effect of so holding? It was to make § 2 (k) (§36-25-1 (11), Code 1975) read:
 "`Public Official' means any elected official at the state, county, or municipal level of government and any person appointed under state, county, or municipal law to an office where in the conduct of such office such persons has administrative and discretionary authority for the receipt or expenditure of public funds. This definition shall also include members of state boards, commissions, committees, councils and authorities, however selected, Presidents, Vice-Presidents, Chief Purchasing Officials and Chief Financial Officials of all schools, colleges and universities of the State; members of county industrial boards, planning and zoning boards, school boards, boards of adjustment, utility boards, housing boards, public hospital boards, and any boards, commissions, committees, authorities or councils having jurisdiction with respect thereto. This definition excludes members of all boards not named including but not limited to those commissions, committees, councils, boards of authorities, functioning solely for cultural or historical purposes and advisory board members and members of boards of trustees of institutions of higher learning of the State of Alabama."
The Commission and Attorney General contend that individual plaintiffs are board members who have "administrative and discretionary authority for the receipt or expenditure *Page 1120 
of public funds" and thus subject to the provisions of the Ethics Act because of the language of § 36-25-1 (11), supra, which defines a public official as "* * * any person appointed under state, county, or municipal law to an office where in the conduct of such office such person has administrative and discretionary authority for the receipt or expenditure of public funds. * * *" We disagree.
We must now interpret this language in the wake of our decision in Comer. As in all cases in which this court is called upon to interpret an enactment of the legislature, the underlying consideration is to ascertain and effectuate the intent of the legislature as expressed in the statute. Tillmanv. Sibbles, 341 So.2d 686 (Ala. 1977). The language which appellants contend brings the appellee members of city boards and authorities within the ambit of the Ethics Act is both prefatory and general. The definition of public official proceeds from the general to the specific in describing the boards, commissions, committees, authorities and councils, the members of which, having administrative and discretionary authority for the receipt or expenditure of public funds, are subject to the Ethics Act.
An aid in construing statutes structured in such a manner is the maxim: expressio unius est exclusio alterius. In Championv. McLean, 266 Ala. 103, 95 So.2d 82 (1957), this court made the following comment about the maxim:
 "According to this rule of construction, where a statute enumerates certain things on which it is to operate, the statute is to be construed as excluding from its effect all those things not expressly mentioned. * * *"
It is clear from a reading of that provision of the Act under consideration that the legislature named with specificity the boards, commissions, committees, authorities, and councils whose members were defined as public officials with administrative and discretionary authority for the receipt or expenditure of public funds.
Because members of the named city boards, commissions, committees, authorities, and councils were removed from the category of public officials subject to the Act by the holding in Comer, it follows that plaintiffs, members of city boards and authorities, are not subject to its provisions. Once removed they cannot now be included in the definition by reference to the general, prefatory language. As they are not members of boards et cetera, which are named as the provision reads since Comer, they are also excluded from the category of public officials subject to the Act by the very language of the provision under consideration. That is:
 "* * * This definition excludes members of all other boards not named including but not limited to those commissions, committees, councils, boards of authorities, functioning solely for cultural or historical purposes and advisory board members and members of boards of trustees of institutions of higher learning of the State of Alabama."
For the reasons given we hold: that the City of Mobile and the Industrial Development Board of the City of Mobile are not proper parties to this action; that the action was not properly determined to be a class action; and that the named individual plaintiffs are not subject to the Code of Ethics for Public Officials, Employees, etc., § 36-25-1, Code 1975.
AFFIRMED IN PART. REVERSED AND RENDERED IN PART.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur. *Page 1121