BRADLEY, Judge.
This is an adverse possession case.
On September 4, 1980 Emma Rudolph conveyed certain real property situated in Lowndes County, Alabama to the plaintiff, Rodney T. Posey. Rudolph purportedly conveyed thirty-three and one-third acres of land to Posey in a warranty deed. The purchase price paid by Posey was $10,000.
The evidence indicates that Posey thought the property he purchased bordered the Greenville Road. However, after the purchase Posey had the property surveyed and learned that there was an additional twenty acres of land which lay between the thirty-three and one-third acres that he purchased from Ms. Rudolph and the Greenville Road. Posey subsequently claimed that he intended to purchase the entire tract of land, including the twenty acres between the Greenville Road and the Rudolph property which he actually purchased.
Four years before Posey’s purchase of the Rudolph property, Mr. Billy Anthony Owens acquired a deed to some six hundred and sixty acres of real estate which was adjacent to the Rudolph property. The property Owens purchased had originally been known as the Haynes-McCord plantation. After Posey surveyed the Rudolph property, Owens learned that the disputed twenty acres between the Greenville Road and the Rudolph property had originally been part of the Haynes-McCord plantation purchased by Owens.
Owens subsequently went to his vendor in the Haynes-McCord land transaction, Ms. Furniss Gordon Storrs, and asked her to amend the previous deed he had received from her to reflect that she also conveyed him all of her interest in the disputed twenty acres between the Greenville Road and the Rudolph property. Ms. Storrs agreed to amend the deed to convey any interest she had in the twenty acres to Owens.
After learning that Owens had attempted to acquire an interest in the disputed twenty acres, Posey and Rudolph filed a quiet title action against Owens. Posey subsequently amended his complaint to file a third-party action against Rudolph seeking a reformation of the deed he received from Rudolph to reflect the conveyance of the disputed property to him. Posey’s amended complaint alternatively sought relief for improvements that Posey had made to the disputed property.
On January 16, 1986 the case was tried in the Circuit Court of Lowndes County, Alabama. At trial Posey attempted to prove that he had acquired title to the disputed property via his land sale transaction with Ms. Rudolph. The evidence, however, strongly demonstrated that the twenty acres in question had been a part of the Haynes-McCord plantation as far back as 1895. Posey, nevertheless, attempted to prove that Ms. Rudolph had acquired title to the disputed property through adverse possession. Posey also attempted to prove that during his transaction with Ms. Rudolph she not only intended to convey him the thirty-three and one-third acres, but she also intended to convey him the disputed twenty acres as well.
After hearing the evidence without a jury, the trial court ruled that Ms. Rudolph had not acquired the disputed property by adverse possession, and, therefore, Posey had no interest in the disputed property adjacent to the Greenville Road. The trial court also denied Posey’s request for a reformation of the deed he received from Ms. Rudolph. Finally, the trial court awarded Posey $1,000 for improvements made to the property.
*301 From this order Posey appeals and raises four contentions of error. First, Posey argues that the trial court erred in finding that Ms. Rudolph had not acquired the disputed property by adverse possession. Second, Posey contends that the trial court erred in awarding him only $1,000 for improvements made to the disputed property. Third, Posey says the trial court erred in finding that Ms. Rudolph did not breach her warranty to defend his title to the land in question. Finally, Posey says the trial court erred in refusing to allow attorneys Cartledge Blackwell and Pete Hamilton to testify about facts relating to their representation of Ms. Rudolph during the land sale transaction.
Posey first says that the trial court’s action in ruling against his adverse possession claim is erroneous because it is against the great weight of the evidence. We disagree.
At the outset, we note that in a case tried without the benefit of a jury there is a presumption of correctness which attaches to the trial court’s findings, and its judgment based on those findings will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). For this reason, Alabama appellate courts will rarely disturb a trial court’s judgment in an adverse possession case which turns on issues of disputed facts. Drennen Land & Timber Co. v. Angell, 475 So.2d 1166 (Ala.1985).
In the present case the evidence reveals that the disputed twenty acres was originally part of the Haynes-McCord plantation. Defendant Owens purchased the Haynes-McCord plantation from Ms. Fur-niss Gordon Storrs in 1977. Plaintiff, Po-sey, argues that Ms. Rudolph used the disputed property to raise cattle for many years and, therefore, acquired title to the property through adverse possession.
The record, however, also reveals that, throughout the time during which Ms. Rudolph purportedly adversely possessed the property, other adjacent landowners grazed their cattle on the property in question. In fact, there is evidence which indicates that one adjacent landowner, Mr. Erthe Lee Middleton, grazed his cattle on the property between 1958 and 1974. Also, there is testimony that the Rudolphs were never observed using the disputed property.
In Alabama there are two types of adverse possession: statutory adverse possession and adverse possession by prescription. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Posey claims title to the disputed property through adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious, and hostile possession by one under a claim of right for a period of at least twenty years. See, Tidwell v. Strickler, 457 So.2d 365 (Ala.1984). Also, in order for one to acquire property by adverse possession, his possession of the property must be exclusive. Beason v. Bowlin, 274 Ala. 450, 149 So.2d 283 (1962).
In the present case the evidence indicates that all of the landowners in the area used the property in dispute to graze their cattle. Also, there is other testimony which tends to indicate that the Rudolphs, through whom Posey claims title by adverse possession, never made exclusive use of the property. In light of this evidence we are unable to say that the trial court’s ruling regarding Posey’s claim of adverse possession was against the great weight of the evidence.
Posey’s second contention of error is that the trial court’s award of only $1,000 for improvements made to the disputed property was not supported by the evidence. The evidence indicates that Po-sey used a bulldozer to clear the thirty-three and one-third acres he purchased from Ms. Rudolph, as well as the twenty acres in dispute. The evidence also indicates that Posey built a pond on the thirty-three and one-third acres he purchased from Ms. Rudolph. The testimony indicates that the total expenditures incurred for all of this work were between $3,500 and $6,000. The trial court awarded Posey $1,000 for improvements made to the twenty acres in dispute. Based upon this evi *302 dence, we are unable to say that this award by the trial court was against the great weight of the evidence.
Mr. Posey’s third contention on appeal is that the trial court erred in ruling that Ms. Rudolph did not breach her warranty to defend Posey’s title to the land in question. Upon reading Posey’s brief, we note that Posey has failed to cite any authority for this contention. An appellant’s arguments must be supported by authority. Taylor v. Martin, 466 So.2d 977 (Ala.Civ. App.1985). In the absence of citation of authority for this issue, we decline to consider it.
Posey’s final contention is that the trial court erred in refusing to allow testimony from two attorneys who represented Ms. Rudolph in the original transaction in which she conveyed her interest in the thirty-three and one-third acres to Posey. Po-sey argues that the testimony of the two attorneys is relevant to establishing his breach of warranty claim against Ms. Rudolph. However, our refusal to address Posey’s contention regarding the merits of his breach of warranty claim makes it unnecessary for us to address the trial court’s ruling on this evidentiary matter.
Therefore, having read the briefs and the record, we are unable to say that the trial court’s rulings regarding Posey’s claim of adverse possession and his claim for relief for improvements made to the disputed property were against the great weight of the evidence.
For these reasons the judgment of the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.