Danny Shute, a firefighter for the City of Dothan (City), originated the case before us as a purported class action against the City on behalf of all employees of the City fire and police departments who have been denied salary benefits pursuant to a local regulation known as the "temporary detail rule." The Dothan Personnel Board, its members, the Dothan Personnel Department, and its director (hereinafter collectively Personnel) were added as defendants by amendment. After oral arguments on defendants' motions for summary judgment, Shute amended his complaint to add Irby Hall and Thurman Carroll as additional representative plaintiffs and to state a cause of action under 42 U.S.C. § 1983. The trial judge then issued an order granting summary judgment for lack of jurisdiction because the plaintiffs had failed to *Page 288 
exhaust their administrative remedies, from which they appealed to this court.
We first address the fact that the record does not contain any order determining that this suit could be maintained as a class action. Such an order is mandatory, and the trial judge has a duty to determine the class action question whether or not a motion is made by any of the parties.Bagley v. City of Mobile, 352 So.2d 1115 (Ala. 1977); 3BMoore's Federal Practice § 23.50 (2d ed. 1985). The court must determine that all prerequisites of Rule 23(a), Alabama Rules of Civil Procedure, and at least one of the requirements of 23(b) are satisfied. Bagley, supra; 3B Moore's Federal Practice
§§ 23.03, 23.50 (2d ed. 1985); A.R.Civ.P., Rule 23(c)(1). Because those determinations were not made, only the named plaintiffs, Hall, Carroll, and Shute, are properly before us. They will hereinafter at times be referred to collectively as the Employees.
At issue is the applicability of the temporary detail rule (Regulation 8.200(b) of the Personnel Rules and Regulations of the City of Dothan) to the City's fire and police departments. The temporary detail rule provides a corresponding temporary salary increase for classified City employees who are asked to assume the responsibilities of a higher position for at least eight hours. Since its inception, the rule has been informally interpreted by Personnel to be not applicable to employees of the fire and police departments. The City's personnel director offered this explanation of the distinction:
 "Q. What is the reason why the fire and police departments do not utilize the temporary detail rule?
 "A. Their organizational structure. They are under a paramilitary rank structure. And the principle and practice is that, under that structure, if a superior leaves, then the next ranking individual is in charge, on a day-to-day basis.
 "And that's taken care of in their classification system.
". . . .
 "Basically, their conception is, I think, that under — the fashion that they have to operate, that there has to be someone in charge. Someone to issue instructions. And that's the reason for the rank structure, the paramilitary structure.
 "And it's inherent in the ranks that the next lower rank would automatically fill in for the rank that is vacated for any reason."
That interpretation was formally incorporated into the rule via the following amendment:
 "This rule does not apply to the Departments of Police and Fire on a day-to-day basis, although it may be utilized in the Police and Fire Departments in the case of long term absences. (Approved PBA 6-9-86)"
The Employees contend that the foregoing interpretation of the inapplicability of the temporary detail rule to the fire and police departments is erroneous. They further challenge the constitutionality of the 1986 amendment.
Also pertinent to this case is Regulation 5.200 of the Personnel Rules and Regulations of the City of Dothan, which sets out a four-step process for an employee to follow when presenting a grievance. Step 1 requires initial presentation, orally or in writing, to the immediate supervisor. If the problem is not solved, step 2 provides for the submission of a written grievance to the department head. The employee who remains dissatisfied may proceed to step 3 and request, in writing, a review of the grievance by the director of the Personnel Department. Step 4 provides for an appeal of an adverse decision, in writing, to the chairman of the Personnel Board. Thereafter, section 33 of the City of Dothan Civil Service Act allows appeals from orders of the Board to the Circuit Court of Houston County.
The record reflects that Shute had orally expressed his dissatisfaction with Personnel's interpretation of the temporary detail rule for some time. He did not begin to present his grievance through the formal channels of Regulation 5.200, however, until March or April of 1986, when he essentially complied with steps 1 and 2. In December 1986, Shute filed his complaint in *Page 289 
circuit court without having proceeded through steps 3 and 4. The record is silent as to what steps of the process, if any, were ever undertaken by Hall and Carroll before they were added as plaintiffs.
The dispositive issue presented to us is whether the Employees must exhaust their administrative remedies before resorting to the courts, as the City and Personnel insist. The Employees contend that this case falls within one or more of the exceptions to the exhaustion doctrine.
The doctrine of exhaustion of administrative remedies is firmly established in Alabama. Ex parte Graddick,495 So.2d 1367 (Ala. 1986). The general rule requires a party to explore and exhaust all available administrative remedies before challenging an agency's actions in the courts. Panola LandBuyers Association v. Shuman, 762 F.2d 1550 (11th Cir. 1985);Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin,294 Ala. 201, 314 So.2d 663 (1975); Dawson v. Cole,485 So.2d 1164 (Ala.Civ.App. 1986). The doctrine is codified at §41-22-20, Ala. Code 1975 (1982 Repl.Vol.).
The exhaustion requirement serves a number of purposes, among which are these:
 "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.' Porter v. Schweiker, 692 F.2d 740, 742
(11th Cir. 1982) (quoting Patsy v. Florida International University, 634 F.2d 900, 903 (5th Cir. 1981), rev'd and remanded on other grounds, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172
(1982)). See also McKart v. United States, 395 U.S. 185, 193-94, 89 S.Ct. 1657, 1662-63, 23 L.Ed.2d 194
(1969)."
Bateman v. Blue Cross-Blue Shield of Alabama, 579 F. Supp. 265,267 (M.D.Ala. 1984).
The exhaustion doctrine is subject to certain exceptions which attempt to balance the interests of claimants against the substantial policy considerations which favor the general rule. Porter v. Schweiker, supra. Our supreme court has noted that these exceptions arise generally when:
 "(1) the question raised is one of an interpretation of a statute, (2) the action raises questions of law only and not matters requiring administrative findings of fact or the exercise of administrative discretion, (3) exhaustion of administrative remedies would be futile or the remedies provided would be inadequate, and (4) requiring exhaustion of administrative remedies would result in irreparable harm."
Goolsby v. Green, 431 So.2d 955, 958 (Ala. 1983). See also Cityof Gadsden v. Entrekin, 387 So.2d 829 (Ala. 1980). The Employees argue that exceptions 1 through 3 apply here. They also argue that the administrative procedure is not mandatory, but permissive, and that the exhaustion doctrine does not apply to their § 1983 claim. We do not find any of their arguments persuasive.
This case does involve the interpretation of a City regulation, which is a question of law. We believe that factual disputes exist, however, which should be addressed by Personnel before the courts can be called upon to act. The exhaustion doctrine allows an agency to fully develop technical issues and factual records within its particular area of expertise prior to judicial review. The agency can thereby have the first opportunity to correct any errors it may have made, and further judicial action may become unnecessary. Deltona Corp. v. Alexander, 682 F.2d 888 (11th Cir. 1982). *Page 290 
It is possible that Personnel has a rational basis for treating the fire and police departments differently and, if so, it should have the opportunity to develop a factual record to present the reasons for the difference. Another possibility is that a full administrative review might convince Personnel to change the regulation. In any event, should the outcome of the administrative process be adverse to the Employees, if they seek judicial review, then the court will have available to it an essential factual record and definitive interpretation of the disputed regulation.
We also do not find that the facts here support the application of the futility exception. Exhaustion is not required if a claim clearly will be denied, Panola, supra, but the mere possibility of an adverse ruling is not enough to excuse the Employees from following the proper administrative procedure. As the Fifth Circuit explained in Von Hoffburg v.Alexander, 615 F.2d 633, 639-40 (5th Cir. 1980):
 " 'Exhaustion is required in part because of the possibility that administrative review might obviate the need for judicial review. That the administrative process might not have this effect is not usually a reason for bypassing it.' " (Quoting Hodges v. Callaway, 499 F.2d 417, 423 (5th Cir. 1974)).
Shute made no effort to proceed beyond step 2 of the grievance process before resorting to the courts, and we can find no evidence that Hall or Carroll even attempted to comply with Regulation 5.200 before joining Shute's lawsuit. The futility exception cannot be invoked here to allow the Employees to deliberately disregard the procedures they knew to be established for agency review.
The Employees also argue that because there is no provision for a "class action grievance," the administrative process is inadequate to handle their complaints. Personnel's procedures are indeed inadequate to handle potential grievances filed by every member of the police and fire departments. We see no reason, however, why the disposition of a few representative claims would not resolve the problems of the Employees and others like them. Association for Retarded Citizens of Alabama,Inc. v. Teague, 830 F.2d 158 (11th Cir. 1987).
Although the Employees argue that the administrative procedure is permissive and not mandatory, they cite no authority for that point. When a party fails to cite cases supporting an argument set forth in brief, we will decline to address the merits of that issue. Simonton v. Carroll,512 So.2d 1384 (Ala.Civ.App. 1987); Posey v. Owens, 504 So.2d 299
(Ala.Civ.App. 1986).
The Employees correctly state the rule of law that exhaustion of state administrative remedies is not a prerequisite to an action pursuant to 42 U.S.C. § 1983. Patsyv. Florida Board of Regents, 457 U.S. 496, 102 S.Ct. 2557,73 L.Ed.2d 172 (1982). We conclude, however, that their attempt to state a cause of action under § 1983 is premature. The Employees have not pursued their grievances far enough through the administrative process to satisfy their claim that City and Personnel have engaged in conduct that is offensive to the due process afforded them by the constitution; therefore, we decline to address their § 1983 claim.
Because none of the exceptions to the exhaustion doctrine applies to the Employees, the trial judge's order granting the motions for summary judgment of the City and Personnel is due to be affirmed. The Employees must exhaust their administrative remedies before they will be entitled to seek judicial review.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 291