While I agree with the result reached in this case, I do so for different reasons.
It is clear that there was no compliance with the hearing aspect of the statute in that the hearing was not held within the applicable time period. Thus, the question becomes what effect this noncompliance has on the doctrine of exhaustion of administrative remedies (doctrine).
Generally, administrative remedies must be exhausted before resort can be had to the courts. Ex parte Graddick,495 So.2d 1367 (Ala. 1986). However, the doctrine is subject to certain exceptions. Simpson v. Van Ryzin, 289 Ala. 22, 265 So.2d 569
(1972). The doctrine is not applicable if there is a defect in the power of the agency to act in any respect. Hall v. City ofDothan, 539 So.2d 286 (Ala.Civ.App. 1988).
Here, it appears to me that the Board is powerless even to hold a hearing at this time since the sixty-day time period has passed. Therefore, I find that there is a defect in the Board's ability to act and that, clearly, the doctrine is not applicable in this *Page 1347 
case. For this reason, I find that the employee was not required, in this instance, to continue at the administrative level before resorting to the courts.