INGRAM, Presiding Judge.
This case concerns a complaint filed by two merit system employees of the Mobile County Personnel Board (board). The employees allege that they are entitled to certain compensation and overtime pay pursuant to the board’s own rules and regulations. .
The employees contend that, pursuant to the board’s policy, they are “eligible employees,” entitled to compensation and overtime pay for all hours paid in excess of forty hours per week, and they request such compensation. However, prior to exhausting their administrative remedies, the employees filed suit in the circuit court against the board, among others. After a hearing on the issue of compensation, the circuit court found for the board. The employees now appeal to this court.
The dispositive issue on appeal is whether the employees must exhaust their administrative remedies before resorting to the courts.
The doctrine of exhaustion of administrative remedies is firmly established in Alabama. Hall v. City of Dothan, 539 So.2d 286 (Ala.Civ.App.1988). The general rule requires a party to explore and exhaust all available remedies before resorting to the courts.
The exhaustion requirement serves a number of purposes, among which are the following:
“ ‘(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that “frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.” ’ ” (Citations omitted.)
Hall, supra, at 289 (quoting Bateman v. Blue Cross-Blue Shield of Alabama, 579 F.Supp. 265, 267 (M.D.Ala.1984)).
We do note that the exhaustion doctrine is subject to certain exceptions, which attempt to balance the interest of claimants against the substantial policy considerations, which favor the general rule. Hall, supra. These exceptions generally arise when:
“ ‘(1) the question raised is one of an interpretation of a statute, (2) the action raises questions of law only and not matters requiring administrative findings of fact or the exercise of administrative discretion, (3) exhaustion of administrative remedies would be futile or the remedies provided would be inadequate, and (4) requiring exhaustion of administrative remedies would result in irreparable harm.’ ”
Hall, supra, at 289 (quoting Goolsby v. Green, 431 So.2d 955, 958 (Ala.1983)). However, the employees here do not argue that any of the above exceptions apply. Instead, they contend that this matter concerns a “wage claim” and that they, therefore, are not required to exhaust their administrative remedies. We disagree. This case clearly concerns the interpretation of a board rule or regulation, i.e., whether the employees are entitled to certain compensation for overtime work pursuant to board rule 3.1. We find that factual disputes exist concerning whether the employees *1064 are “eligible employees,” pursuant to the board’s rule, and whether they are entitled to the requested compensation. These disputes should be addressed by the board before the courts can be called upon to act. The exhaustion doctrine allows the agency to fully develop technical issues and factual records within its particular area of expertise prior to judicial review. The agency can thereby have the first opportunity to correct any errors it may have made, and further judicial action may become unnecessary. Hall, supra.
In view of the above, we find that the employees must exhaust their administrative remedies before they will be entitled to judicial review.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.