THIGPEN, Judge.
On December 19, 1989, the appellant, Kenneth Harris, and other members of the Industrial Development Board of the City of Troy (IDB) filed a complaint against the Alabama Ethics Commission (Commission) seeking to enjoin the Commission from investigating the IDB members. They also sought other declaratory and equitable relief. This action was filed when Harris and other members of the IDB were informed that the Commission was investigating a complaint that had been filed against them in their capacity as IDB members. Harris and the other IDB members maintained that they were not subject to the ethics laws and sought a declaration to that effect. The case was submitted to the trial court on depositions, affidavits, other documents, and arguments of counsel. The trial court entered a final order finding that the IDB is an “instrumentality” of the city and, therefore, that its members are “public officials” for purpose of the ethics laws. Harris appeals.
The dispositive issue in this case is whether the IDB is an “instrumentality” of the City of Troy so that its members are “public officials” who are subject to the ethics laws.
Harris contends that the IDB is not an instrumentality of the city and, therefore, that its appointed members are not subject to investigation by the Commission. He argues that the IDB is a public corporation that is a separate entity. He concedes that some factors possibly indicate that the IDB is an instrumentality of the city. Those factors include: (1) the IDB members are appointed by the city council of Troy, (2) if the board is dissolved, title to its assets vests with the City of Troy, and (3) any IDB earnings are turned over to the City of Troy. Harris argues that even if the IDB is not considered a separate entity, the accepted rules of statutory construction negate any holding that an IDB is an instrumentality of the city. He further contends that other factors clearly indicate that the IDB is not an instrumentality. It is Harris’s position that an IDB is not supported by public funds and is not under the control of, or answerable to, a governmental unit.
In its 1986 session, the legislature revised Ala.Code 1975, § 36-25-1(11), to define “public official” as:
“Any person elected to public office by the vote of the people at state, county or municipal level of government or their instrumentalities and any person appointed to a position at the state, county or municipal level of government or their instrumentalities.” (Emphasis added.)
Harris maintains that this definition of “public official,” especially in light of related case law [see, e.g., Comer v. City of Mobile, 337 So.2d 742 (Ala.1976); Bagley v. City of Mobile, 352 So.2d 1115 (Ala.1977) ], was intended by the legislature to limit the entities subject to the ethics laws rather than to expand them. We do not agree. In 1975, the legislature clearly expressed its intent that IDB’s be subject to the ethics laws [Act 75-130, § 2(k) ]. The language of the 1986 revision did not contravene that intent. We agree with the Commission’s argument that the 1986 use of the generic term “instrumentality” was a perfectly sensible response to the problems *95 noted by our supreme court in Comer and Bagley. This is especially true in light of the number and type of boards not yet created that would escape scrutiny if only those boards specifically enumerated were covered by the ethics laws.
Harris’s argument that the IDB is not an instrumentality because it is not supported by public funds, and is not under the control of, or answerable to, a government unit is without merit. The trial court noted many factors that demonstrate a legislative intent that an IDB act as an instrumentality of the city. The legislature chose to require that an IDB’s existence be dependent on the express approval and consent of the municipality. Ala.Code 1975, § 11-54-82. The legislature further chose to allow the governing body of the city to appoint the IDB members. Ala.Code 1975, § 11-54-86. The legislature required that in the event that an IDB dissolves, “the title to all funds and properties owned by it at the time of such dissolution shall vest in the municipality.” Ala.Code 1975, § 11-54-94. Further, the legislature required that “any net earnings of the corporation thereafter accruing shall be paid to the municipality with respect to which the board was organized.” Ala.Code 1975, § 11-54-93.
Industrial development boards are public corporations organized pursuant to the Industrial Development Board Act, codified at Ala.Code 1975, § 11-54-80 et seq. In its order, the trial court aptly noted:
“IDB’s clearly reflect attributes and characteristics of a governmental entity, some of which are listed below:
“ — A municipal IDB cannot exist (incorporate) without the express approval and consent of its municipality. Section 11-54-82....
“ — When the IDB obtains permission to organize, it must take the name of the parent, i.e., ‘the Industrial Development Board of the_of_’. Section 11-54-83(2).
“ — The directors of the IDB must be appointed by the governing body of the city. Section 11-54-86.
“ — Any meeting held by the board of directors for any purpose whatsoever shall be open to the public. Section 11-54-87(c).
“ 1 — [A]ny net earnings of the corporation [accruing after provision for obligations] shall be paid to the municipality with respect to which the board was organized.’ Section 11-54-93. The Troy IDB has returned money to the City pursuant to this rule....
“ — If a City IDB dissolves, title to its assets vests in its municipality. Section 11-54-94.
“ — The IDB and all its properties and all its bonds and all income derived from its bonds are from all taxation in the State of Alabama. Section 11-54-96.
“ — The IDB of the City of Mobile is an ‘instrumentality’. The Code of Alabama, Section 33-2-180(10) states as follows: ‘The industrial development board of the city of Mobile, Alabama, a public corporation and instrumentality that was organized and is existing under Act No. 648.... ’ It is hard to see how industrial boards throughout the State would not also be ‘instrumentalities’ of government. The Attorney General has consistently applied the conflict of interest statute (Section 41-16-60, Code of Alabama [1975]) to IDB’s even though the statute refers to ‘instrumentalities’ and not IDB’s specifically. (See Attorney General opinions 89-00198 and 82-00175, for examples).
“ — In Fuller v. Vulcan Materials, [293 Ala. 199] 301 So.2d 74, 76 (1974), the Supreme Court of Alabama referred to industrial development boards as ‘instru-mentalities’.” ...
“Considering the record as well as the oral arguments of counsel, it is the opinion of this Court that the legislature intended that the Ethics Act, Code of Alabama (1975) Section 36-25-1(11) include the Troy Industrial Development Board.”
We have carefully and thoroughly reviewed the record in this case, which includes numerous exhibits, and find ample evidence supporting the trial court’s conclusion that the IDB is an instrumentality of *96 the City of Troy and, therefore, that the appointed IDB members are subject to the ethics laws. Such a conclusion is harmonious with the applicable law. Accordingly, the judgment of the trial court is due to be affirmed.
We point out that IDB members are not compensated and that no filing of statements of economic interest is required of them; therefore, the ethics laws regarding such disclosures do not apply to IDB members. We perceive, as indeed must have the legislature, a clear need for the application of the ethics laws to IDB members insofar as they prohibit conflicts of interest, favoritism, and other abuses of public trust. See Ala.Code 1975, § 36-25-2.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.