THIGPEN, Judge.
This is an original petition for a writ of mandamus.
In June 1994, Kathy Ann Ellen and Jackie S. Whitson, purporting to act on behalf of themselves and all others similarly situated, filed a complaint against Voyager Guaranty Insurance, Benjamin Sprouse, Jr., and numerous others (all referred to hereinafter as Voyager), alleging that Voyager had made certain misrepresentations concerning the purchase of credit property insurance in regard to consumer loan agreements, and seeking compensatory and punitive damages. The plaintiffs alleged, among other things, that Voyager had intentionally misrepresented that the purchase of insurance in an amount equal to the “total of payments” of the loan was necessary, and that credit property insurance was actually sold in an amount that exceeded the replacement value of the insured property.
In July 1994, the trial court entered an order that “conditionally certified” this action as a class action. The trial court stated that the certification and the court’s findings were “conditional pending further discovery and procedures with regard to final certification of the class,” and found that “maintenance of this action as a class action pursuant to Rule 23(b)(2), Alabama Rules of Civil Procedure, is superior to any other means of adjudicating the claims herein raised.”
Subsequently, Voyager petitioned this court for a writ of mandamus, contending that the trial court’s order was in error because it was issued without any notice to Voyager, without a hearing, and without any evidence being presented to satisfy the prerequisites of Rule 23, A.R.Civ.P. Therefore, Voyager requests that this court order the trial court to vacate and set aside its order of class certification.
A writ of mandamus is an extraordinary and drastic writ, to be issued only where there is a clear legal right to the order sought; only where there is an imperative duty upon the trial court to perform, along *200 with a refusal to do so; and only where there is a lack of another adequate remedy. Ex parte Leigeber, 608 So.2d 404 (Ala.Civ.App.1992). Further, the writ is not to be issued unless there is a clear showing of injurious error by the trial court. Ex parte Slade, 382 So.2d 1127 (Ala.1980).
Voyager argues that in issuing its order of class certification, the court did not adhere to Rule 23, A.R.Civ.P., and it further argues that the trial court “rushed to judgment in designating the class,” citing Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469 (Ala.1991). In that case, our Supreme Court found that the trial court’s “designation was made without any motion having been filed asking for the class to be designated and without any evidence being presented to satisfy the prerequisites for designation set out in Rule 23(a).” Blue Cross, 582 So.2d at 476.
Voyager argues that the trial court issued the order 19 days after the service of the complaint and before any defendant had entered an appearance. Voyager specifically argues that there was no evidence indicating that the prerequisites of Rule 23 were met, and that there was no evidence indicating that the claims of the potential class members were typical, or that the named plaintiffs would be adequate class representatives. In pertinent part, Rule 23(a), A.R.Civ.P., states:
“One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.”
Additionally, Rule 23(b)(2), states that class certification is appropriate when “the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.”
The plaintiffs assert that the writ is due to be denied for numerous reasons. First, they assert that mandamus is inappropriate because, they say, Voyager has not shown that there is no other adequate remedy available. The plaintiffs assert that Voyager has not exhausted its remedies available in the trial court, because it has not requested that the trial court grant relief from the conditional certification. Next, the plaintiffs assert that the trial court did not abuse its discretion by entering a conditional class certification.
The plaintiffs also argue that the order was merely designed to maintain the status quo and clearly contemplated that a full hearing would be held following discovery. Rule 23(c)(1), A.R.Civ.P., states: “As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.” See Bagley v. City of Mobile, 352 So.2d 1115 (Ala.1977). The trial court expressly noted that its order was conditional, pending additional discovery and procedures with regard to a final certification.
Finally, the plaintiffs assert that this case is distinguishable from Blue Cross, because in Blue Cross, the trial court erred by holding a hearing on the question of final certification without the parties’ knowledge that that question would be heard on that date, and by entering a final certification. The plaintiffs here assert that certification is merely pending, and that “there is no rush to decision here as there is no final decision.”
A thorough review of the record discloses that the issuance of a writ of mandamus would be inappropriate in this case. Voyager seeks a writ of mandamus directing “the trial judge to vacate and set aside the order of class certification dated July 7, 1994.” That order, by its own terms, is merely a conditional order “pending further discovery and procedures,” and it contemplates a ruling in regard to class certification after discovery and a hearing. Voyager has simply failed to demonstrate a clear right to the order *201 sought. Consequently, the writ must be denied.
WRIT DENIED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result only.