682 So.2d 382 (1996)
MED CENTER CARS, INC., d/b/a Med Center Mazda
v.
Douglas SMITH and Kimberly Smith.
JIM BURKE AUTOMOTIVE, INC.
v.
Gregory TAPSCOTT, et al.
U-J CHEVROLET, INC., and Jim Bishop Chevrolet-Geo-Buick-Oldsmobile, Inc.
v.
Stephen H. SCHOEPFLIN and Olivia Thompson, et al.
ROEBUCK CARS, INC., d/b/a Roebuck Mazda
v.
David REYER.
MITCHELL MOTORS, INC., d/b/a Mitchell Mazda
v.
Willie HERRING.
CROWN PONTIAC, INC.
v.
Louis CLEMENTS.
BONDY'S FORD, INC.
v.
Elisha BOWENS and Agnes Bowens.
1941257, 1941375, 1941258, 1941259, 1941376 to 1941378 and 1941624.
Supreme Court of Alabama.
April 26, 1996.
Rehearing Overruled June 28, 1996.
Concurring Opinion in Result in Overruling Rehearing June 28, 1996.
Robert H. Rutherford, Jennifer M. Busby and Erie D. Franz of Burr & Forman, Birmingham, for Med Center Cars, Inc., d/b/a Med Center Mazda; Crown Pontiac, Inc.; Roebuck Cars, Inc., d/b/a Roebuck Mazda; and Mitchell Motors, Inc., d/b/a Mitchell Mazda. (Attorney Franz appeared on application for rehearing.)
William A. Davis III and Steven T. McMeekin of Starnes & Atchison, Birmingham, for Jim Burke Automotive, Inc.
*383 C. Lee Reeves and Samuel M. Hill of Sirote & Permutt, P.C., Birmingham, for U-J Chevrolet Company, Inc. and Jim Bishop Chevrolet-Geo-Buick-Oldsmobile, Inc.
Jeffrey E. Friedman and P. Thomas Dazzio, Jr. of Starnes and Atchison, Birmingham, for Bondy's Ford, Inc.
Lanny S. Vines, Lloyd W. Gathings II, Michael L. Allsup and J. Flint Liddon of Emond & Vines, Birmingham, for Appellees.
Opinion by Justice Houston Concurring in Result in Overruling Rehearing June 28, 1996.
BUTTS, Justice.
The defendants appeal from the denial of their motions to stay proceedings pending arbitration of all claims in a purported class action.
Gregory Tapscott sued MS Dealer Service Corporation, Jim Burke Automotive, Inc., Mississippi Life Insurance Company, and MS Casualty Insurance Company, alleging that the defendants had violated the Alabama Mini-Code and had committed fraudulent misrepresentation by selling him an extended service plan as part of his purchase of an automobile, without showing the cost of the plan as part of the finance charge that was reflected on the sale documents. Tapscott asserted these claims on behalf of himself and a putative class of persons who had purchased or had been charged for extended service contracts similar to that which he purchased. He also sought to have certified as a class those named defendants who had sold similar extended service plans to the named co-plaintiffs.
In subsequent amendments to his complaint, Tapscott added Jim Bishop Chevrolet-Geo-Buick-Oldsmobile, Inc.; U-J Chevrolet Company, Inc.; Med Center Cars, Inc., doing business as Med Center Mazda; the Automobile Dealers Association of Alabama; and the Alabama Independent Automobile Dealers Association. He also added additional plaintiffs, including a putative sub-class of plaintiffs who had bought automobile club or motor club memberships from the defendant dealerships.
Jim Burke Automotive and Med-Center Mazda moved to compel arbitration and to stay the judicial proceedings pending arbitration, pursuant to an arbitration clause contained within the buyer's orders that Tapscott and other plaintiffs had signed as part of their respective purchases of automobiles from the respective dealerships. Jim Bishop Chevrolet and U-J Chevrolet joined the other dealerships in moving to compel arbitration. The trial court denied all these motions on April 11, 1995, and Med Center Mazda appealed from that denial. Tapscott then amended his complaint to add, among other parties, Roebuck Cars, Inc., doing business as Roebuck Mazda, and Mitchell Motors, Inc., doing business as Mitchell Mazda, as defendants. The dealerships then moved a second time for arbitration and a stay of the proceedings. The trial court denied all the motions, without stating its reasons for doing so. The eight named defendants appeal from the denial of these motions.
We find in the record no order of the trial court certifying either the plaintiffs or the defendants as a class. In his complaint and in each amendment thereto, Tapscott consistently asked the trial court to certify plaintiff and defendant classes and, in their respective answers, the defendants consistently denied that these certifications would be proper. While the parties never actually moved for a hearing on the class certification question, it was unnecessary for them to do so; a certification order is mandatory for an action to proceed as a class action, under Rule 23, Ala.R.Civ.P, and the trial court therefore has a duty to determine the class action question, regardless of whether any of the parties move for it to do so. Bagley v. City of Mobile, 352 So.2d 1115 (Ala.1977). In order to have a class action, the trial court is required to determine that the party seeking to have the class certified has met all the prerequisites of Rule 23(a) and at least one of the elements of Rule 23(b). There is nothing in the record to show that this requirement has been met; thus, we have before us neither a plaintiff class nor a defendant class.
When an appeal from a purported class action is brought without a class certification in the record, appellate courts sometimes consider the named appellants to be joined as parties in a single claim and review the issues as they pertain solely to the named appellants. Hall v. City of Dothan, *384 539 So.2d 286 (Ala.Civ.App.1988); Pharo v. Smith, 621 F.2d 656, on rehearing in (unrelated) part, 625 F.2d 1226 (5th Cir.1980). The named appellants in Hall and Pharo were similarly situated and their claims were identical; thus, there was nothing to indicate that the named appellants, or the remaining parties not named on appeal, could not have been correctly certified as a class. It was therefore acceptable for the appellate court to consider the parties to be joined plaintiffs for the purposes of reviewing their claims.[1]
In this case, however, the parties are not similarly situated. Certainly, the fact that some of the plaintiffs have signed agreements containing an arbitration clause, while other plaintiffs have not, makes the need for a certification hearing and a written order all the more compelling. Further, the eight separate briefs of the named appellants do not advance the same arguments; rather, they indicate that there are disparities in the circumstances of the individual transactions, in the actions of the individual dealerships, and in the purchase agreements at issue. Under these circumstances, we cannot presuppose that a class certification of either plaintiffs or defendants would be proper. It would, therefore, be inappropriate to consider the named appellants to be properly joined parties, in an effort to shoehorn this appeal into a reviewable procedural posture. We therefore conclude that, because the record does not indicate that the parties to this action have ever been certified as a class, the issues brought here are not ready for our review and these appeals are therefore due to be dismissed.
DISMISSED.
HOUSTON, KENNEDY and COOK, JJ., concur.
HOOPER, C.J., and MADDOX, J., concur specially.
MADDOX, Justice (concurring specially).
I concur only because mandamus is an extraordinary remedy and is appropriate only when the petitioner shows a clear legal right to the relief requested. I believe that the petitioners have not shown a clear legal right to have arbitration compelled, because the trial judge has yet to decide which plaintiffs should be allowed to join in the class action. As indicated by the majority opinion, the trial judge has not properly certified the class, considering that the proposed class consists of two different groups of plaintiffs: 1) a group of persons who have signed a sales contract containing an arbitration clause, and 2) a group of persons whose contracts do not contain an arbitration provision.
However, I note that in determining which plaintiffs will be included in the prospective class, the trial judge would be bound by the mandate issued by the United States Supreme Court in Allied Bruce-Terminix Cos. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), wherein that Court held that the Federal Arbitration Act extends to the broadest reaches of the Congress's constitutional power to regulate interstate commerce.
Where a contract contains an arbitration clause and the contract involves interstate commerce, a trial court is required to compel arbitration upon motion by any party bound by the contract. Allied Bruce-Terminix plainly states that the right to compel arbitration is a federal right and should be enforced by State officials, so as not to deprive a party of federal constitutional rights. I have consistently expressed my opinion that a motion to compel arbitration must be granted, if the dispute involves a contract evidencing interstate commerce and that contract contains an arbitration provision. See, Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260 (Ala.1995) (Maddox, J., dissenting). In doing so, I attempt to ensure that a party will not be deprived of a federal right to which the party is duly entitled.
HOOPER, C.J., concurs.

On Application For Rehearing
BUTTS, Justice.
APPLICATION OVERRULED.
*385 HOOPER, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result in overruling the application for rehearing).
In my opinion, the plaintiffs who have signed arbitration agreements cannot be members of the class. Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 725 n. 5 (11th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988). The defendants will not be deemed to have waived their arbitration rights by participating in discovery or other proceedings relating to a class certification.
NOTES
[1] The respective defendants in Hall and Pharo were not, as here, purported to be a class.